UNITED STATES, Appellee

v

DOMINICK J. ALBERICO, Basic Airman, U. S. Air Force, Appellant

7 USCMA 757, 23 CMR 221

No. 9055

Decided April 26, 1957

*Captain Norman J. Nelson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Stanley S. Butt.*

*Captain Lawrence J. Gross* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Francis P. Murray.*

## Opinion of the Court

HOMER FERGUSON, Judge:

A general court-martial convicted the accused of a violation of a lawful general regulation (Charge I), wrongful possession of an Armed Forces Liberty Pass with intent to deceive (Charge II), and escape from lawful confinement (Charge III), in violation of Articles 92, 134, and 95, Uniform Code of Military Justice, 10 USC §§ 892, 934, and 895, respectively. He was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for one year. The convening authority approved the sentence but suspended the

punitive discharge until the accused's release from confinement or until completion of appellate review, whichever occurs later. The board of review affirmed without opinion.

The accused pleaded guilty to Charge III and this Charge is not herein involved. The accused obtained a number of blank pass forms (DD Form 345) from a friend. He also obtained a "filled-in" false pass from another friend, which the accused did not sign and was not the subject of any charge. One of the original four blank pass forms was apparently filled in by the accused who signed this pass and it

formed the basis for Charge II. The remaining blank forms were the basis for Charge I.

## I

The first issue is whether or not the limitations imposed by Footnote 5 to paragraph 127c of the Manual for Courts-Martial, United States, 1951, are applicable to Charge I. Footnote 5 to the mentioned paragraph provides as follows: "The punishment for this offense does not apply in those cases wherein the accused is found guilty of an offense which, although involving a failure to obey a lawful order, is specifically listed elsewhere in this table." If Footnote 5, supra, is applicable, the maximum punishment imposable for Charge I is that punishment imposable for the offense—other than for a violation of Article 92—listed in the Table of Maximum Punishments that is essentially the same offense as that charged. In this case the applicable offense—that of wrongful possession of a false pass without intent to deceive is a disorder under Article 134, supra—carries a maximum sentence of confinement at hard labor for four months and forfeiture of two-thirds pay per month for a like period. United States v Blue, 3 USCMA 550, 13 CMR 106. The question of whether Footnote 5, supra, is applicable to a particular charge under Article 92 is decided by determining whether the essential elements constituting the offense charged are specifically enumerated in another offense elsewhere listed in the Table of Maximum Punishments. If the offense is listed elsewhere, Footnote 5 is applicable. United States v Buckmiller, 1 USCMA 504, 4 CMR 96; United States v Loos, 4 USCMA 478, 16 CMR 52. In this case the regulation violated was paragraph 4, Base Regulations 35–6, dated March 24, 1955, which provides, at subparagraph a(6) that "Possession of blank pass forms (DD Form 345) except by central issuing agencies and/or agents, squadron commanders, squadron adjutants and First Sergeants is prohibited." This Court has held that wrongful possession of a false pass without intent to deceive is a disorder under Article 134, Uniform Code of Military Justice, 10 USC § 934. United States v Blue, supra. If then, the essential element of the offense charged here is the wrongful possession of a false pass, the law officer erred in his instructions on maximum punishment. We think that the crime charged is essentially the disorder of possessing a false or unauthorized pass. This being the case, the law officer was in error in his instructions on maximum imposable punishments. United States v Cooper, 2 USCMA 333, 8 CMR 133. See United States v Crusoe, 3 USCMA 793, 14 CMR 211.

## II

The second issue is whether the evidence is sufficient to show an "intent to deceive" as alleged in Charge II. There was evidence that the accused's regular pass had been withdrawn, that he had signed this particular pass—making it regular on its face—and, that he had been in town when he apparently had this particular pass in his possession. There was also a statement by the accused that he did not intend to use the pass in question though he might possibly use a different one. We believe that under these circumstances there was sufficient evidence to carry the question of intent to the court, and hence the evidence is sufficient to sustain the finding of the intent charged.

## III

The third issue to be decided is whether Charge I and Charge II constitute an unreasonable multiplication of offenses. The Manual for Courts-Martial, supra, at paragraph 26b declares that, "One transaction, or what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges." However, the Manual, supra, also states at paragraph 74b(4) that the accused "may be found guilty of *two or more offenses* arising out of the same act or transaction, without regard to whether the offenses are separate." (Emphasis supplied.) We cannot say as a matter of law that the charges here are unreasonably multiplicious. Where the

**759**

Manual, supra, specifically authorizes the bringing of multiple charges arising out of the same transaction regardless of separability, it is difficult to see how the bringing of two charges allegedly out of the same transaction can be an abuse of discretion.

Though the point was not raised on appeal, it is well to point out that here we have two separate offenses and thus there is no problem in the sentencing of the accused for both offenses. E.g., United States v Yarborough, 1 USCMA 678, 5 CMR 106; United States v Larney, 2 USCMA 563, 10 CMR 61. Since only two charges are involved and these are separate offenses, we cannot say that in this case there has been, as a matter of law, an unnecessary compilation of charges.

## IV

The final issue is whether the instruction on Charge II that "The intent to deceive may be established when it is proven that the accused has conscious possession of a false pass which is not susceptible of any rightful use" was a correct statement of the law. The entire instruction in question must be examined to deal adequately with the problem at hand. It stated:

"The court is further instructed that the intent to deceive in the specification of Charge II, which is in violation of Article 134, Uniform Code of Military Justice, alleging wrongful possession of a pass with intent to deceive, need not be proved solely by the method of establishing the use of the pass. Proof of other circumstances will serve to establish this intent to deceive. *The intent to deceive may be established when it is proven that the accused has conscious possession of a false pass which is not susceptible of any rightful use.*

"I also instruct you that mere possession alone is insufficient to find the accused guilty of an offense alleging intent to deceive." [Emphasis supplied.]

That the emphasized portion is incorrect was settled *a priori* in United States v Tamas, 6 USCMA 502, 20 CMR 218, when Judge Latimer, speaking for the Court said:

". . . But there is nothing to indicate that he ever used the false book in any way. The book itself speaks to the contrary, for no coupons had been removed therefrom, even though it purportedly had been issued some six weeks prior to the apprehension. It was not the kind of instrument which normally could be used for identification, and the record is devoid of a showing of any exceptional circumstances. We must not be understood as holding that the accused must be caught in the very act of using the false instrument to make out an intent to deceive as such an intent may be shown in many ways. *But here, there is no evidence of anything other than a simple wrongful possession, and for the crime alleged, that is not enough.*" [Emphasis supplied.]

Accord, United States v Karl, 3 USCMA 427, 12 CMR 183; United States v Blue, supra. Since we held that mere wrongful possession was insufficient to support a finding of intent to deceive, it follows that an instruction that conscious possession of a false pass may prove intent to deceive is erroneous. It is urged that the statement following the erroneous instruction rendered the error harmless when viewed as a whole. This doctrine recognizes the general rule that in considering the prejudicial effect of instructions, they must be considered as a whole. It *may* be that when a clause is isolated it is prejudicial but that effect may disappear when it is considered with others dealing with the same subject matter. In this case they are not only confusing, they are conflicting. As we said in United States v Noe, 7 USCMA 408, 22 CMR 198:

"The Government argues that taken as a whole the instruction did not prejudice the accused; that in other portions of his instructions the law officer correctly instructed on reasonable doubt. The law is well settled that the 'instruction as a whole' test is inapplicable where the court has

**760**

been instructed both rightly and wrongly on a material issue. The correct instruction does not cancel out the prejudicial taint of the erroneous one. If two instructions are in direct conflict and one is clearly prejudicial the rule of the correct instruction as a whole does not apply. In Frank v United States, 220 F 2d 559 (CA 10th Cir) (1955), the court asserted:

'While the meaning of this instruction is not entirely clear, we are forced to conclude that it, in effect, declares that, if the jury should find that false statements were made which were relied upon by investors, an offense was committed even if such statements were made in good faith.

'This was an erroneous instruction. The court did tell the jury in some three or four other instructions that they must find that any false statements made by the defendant must have been known by him to be false and that they must find that he intended to defraud in order to return a verdict of guilty. The question then arises whether the numerous statements in the instructions to the effect that the good faith of the defendant would be a defense can overcome the contrary statement made in Instruction No. 16 that good faith would not be a defense. We agree with the following statement made by Judge Miller in McFarland v United States, 85 U. S. App. D. C. 19, 174 F. 2d 538, 539:

"If a charge to a jury, considered in its entirety, correctly states the law, the incorrectness of one paragraph or one phrase standing alone ordinarily does not constitute reversible error; but it is otherwise if two instructions are in direct conflict and one is clearly prejudicial, for the jury might have followed the erroneous instruction. Nicola v United States, 3 Cir., 1934, 72 F. 2d 780, 787; Drossos v United States, 8 Cir., 1924, 2 F. 2d 538, 539." ' "

Even though we have held that the evidence is sufficient to sustain a finding of intent to deceive, we cannot say, under the erroneous and confusing instructions given on this particular point, that the court made such a finding.

The conviction as to Charge II is reversed. The record is returned to The Judge Advocate General of the Air Force for reference to a board of review. In its discretion the board of review may order a rehearing on Charge II and the sentence or dismiss that Charge and reassess the sentence on the basis of the remaining findings and in the light of this opinion.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

While I concur generally with my associates in their disposition of the second, third and fourth issues, I find it necessary to disassociate myself from the views expressed on the first issue.

The problem of moment in this instance, as I see it, is simply whether Footnote 5 controls the maximum punishment which may be imposed on the one specification. As may be gathered from the cases of United States v Buckmiller, 1 USCMA 504, 4 CMR 96; United States v Lowe, 4 USCMA 654, 16 CMR 228; and United States v Loos, 4 USCMA 478, 16 CMR 52, members of this Court have encountered considerable difficulty in trying to apply properly the mandate found in the footnote. As I pointed out in my concurring opinion in United States v Loos, supra, a majority of the Court settled its use by adopting the gravamen test. As explained by them, that test requires a comparison of the gravamen of the offense set out in the specification with the charge it is laid under and other Articles under which it might have been laid. Using that principle as a guide, I am required, in this instance, to compare the gravamen of failing to obey a regulation prohibiting the possession of blank passes alleged under Article 92 with the offense had it been pleaded as the offense of

unlawful possession of blank passes to the prejudice of good order and discipline under Article 134. Any comparison of the two offenses to ascertain the limits of punishment is influenced by my views of the vice sought to be prevented and the potentialities for harm in the act proscribed. That formula requires an ad hoc determination and in this instance I believe the regulation was enacted to restrict the bartering, selling, or use of pass forms which could be filled in for improper purpose by any member of the Army who would be irresponsible enough to insert false data. We have previously held that possession of a false pass without intent to deceive is merely a disorder, United States v Blue, 3 USCMA 550, 13 CMR 106, and this offense seems to me to fall in the same category. My conclusion is fortified by our decision in United States v Karl, 3 USCMA 427, 12 CMR 183, where we held the sale of blank pass forms to be a disorder under Article 134. A fortiori, if the sale of blank passes is a mere disorder, possession thereof—unless there are aggravating circumstances not here present—cannot be a more serious offense. Here the offense was committed in this country, there was no showing of intent to deceive, and I find no good reason to say that the penalty of four months is not sufficient. I would hold that the offense here alleged is no more than a simple disorder which interferes with the maintenance of discipline in the armed services and that the maximum penalty which could be imposed would be the four months permitted for that offense. Accordingly, I concur in the result reached by my associates.