UNITED STATES, Appellee

v

WALTER E. HAYES, Sergeant, U. S. Army, Appellant

8 USCMA 627, 25 CMR 131

628

First Lieutenant Gerald G. Barton argued the cause for Appellant, Accused. With him on the brief were Colonel James M. Scott, Major Edward Fenig, and First Lieutenant Philip L. Evans.

First Lieutenant Chester F. Relyea argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel Thomas J. Newton.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Two issues are presented on this appeal. The first is whether the evidence is sufficient to support the findings of guilty of specification 9. We have examined the record of trial with care, and we agree that the evidence is sufficient to support the court-martial's finding of guilty beyond a reasonable doubt.

The second question relates to the correctness of the accused's conviction of wrongful appropriation as a lesser included offense to the charge of larceny alleged in specification 1. The specification charges the accused with the larceny of $684.43. It appears that the accused worked in the Central Finance and Accounting Office, Heidelberg, Germany. He arranged for advance pay for Specialist Second Class Grier, who desired to purchase an automobile. The advance was to be made up by deductions from Grier's regular monthly pay. Although the evidence is in conflict, it can be concluded that the advance pay was not authorized by finance regulations. After two deductions from his pay, Grier learned that the advance was questionable and requested that he receive no further pay until his indebtedness was completely liquidated. On this evidence, the law officer instructed the court-martial only on the elements of the offense charged.

However, the court-martial returned findings of guilty of the lesser offense of wrongful appropriation.

The Government argues, on the authority of United States v Krawczyk, 4 USCMA 255, 15 CMR 255, and United States v Krull, 3 USCMA 129, 11 CMR 129, that since the same money could not be returned, only the offense of larceny was in issue; consequently, the findings are beneficial, not prejudicial, to the accused. We disagree with the argument and the conclusion. Apart from circumstances which may impart special value to a coin or bill as a numismatic item, one dollar bill is the same as another. It is not larceny, for example, to take two five dollar bills in exchange for a ten dollar bill without the knowledge or consent of the owner. Anything in United States v Krawczyk, supra, and United States v Krull, supra, which implies a contrary rule, is overruled.

Not every wrongful taking constitutes a violation of Article 121. See United States v Norris, 2 USCMA 236, 8 CMR 36. The intent to deprive the owner of his property, either permanently or temporarily, must include a mens rea. Therefore, the mere "borrowing" of an article of property

without the prior consent of the owner does not make out either of the offenses defined in Article 121. Something more is required, and that something is criminal intention. Thus, if one visits the office of a friend, and, finding him absent, takes a book which he has come to borrow, leaves a note to that effect, and returns the book the next day, there is no intent to steal or misappropriate the book and, necessarily, no violation of Article 121. According to the evidence, under proper instructions the court-martial here could have acquitted the accused because of the absence of any criminal intent. Consequently, the instructions were legally insufficient. Judge Ferguson is also of the opinion that without instructions on the lesser offense, the court-martial's findings cannot stand under any circumstances. Cf. United States v Clark, 1 USCMA 201, 2 CMR 107.

The findings of guilty of specification 1 are set aside. The record of trial is returned to The Judge Advocate General of the Army for resubmission to the board of review. In its discretion it may dismiss specification 1 and reassess the sentence on the remaining findings of guilty, or order a rehearing on that charge and on the sentence.

Judge Ferguson concurs.

Latimer, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I agree with my associates that the evidence is sufficient to sustain a finding of guilty as to specification 9, but it is unfortunate for the Services that the doctrine in United States v Krawczyk, 4 USCMA 255, 15 CMR 255, and associated cases, is discredited by visionary illustrative cases which are not before us. At no time have we held that changing money is a crime, and neither have we announced a rule that borrowing a book without prior consent of the owner is an offense. In the former illustration, there is no fact to support an intent to deprive even momentarily, and in the latter instance, a mistake of fact or implied authority might be involved. But, assuming arguendo we

had so ruled, I fail to understand how conniving to deprive the United States of $800 for at least thirty days and substantial parts of that sum for eight months could fall in either category. As I view the record, we are here confronted with a crime which has all the ingredients of military larceny, and I make the following statement without reservation. If the well-established refinements of wrongful appropriation are to be overturned completely, the sooner the Services are informed to that effect the less chance there will be for subsequent reversals. However, because I believe the law as announced in the *Krawczyk* line of cases is applicable in this instance, I support my dissent by relying upon them.

Before I approach this issue, I wish to discuss my disposition of specification 9. Evidence introduced at the trial by the prosecution to establish that offense shows that a Private Finchum suggested to one Grazia that the latter could make some money by drawing large sums of money from the finance office, provided a portion was contributed to Finchum and a man employed in the finance office. At that time, the identity of the third person was unknown to Grazia but, shortly after obtaining the funds, he gave one hundred dollars to Private Finchum and another one hundred dollars to the accused. Rebutting evidence was offered by the defense substantially denying Grazia's story. In addition, the defense showed that Grazia's pay record contained an entry indicating that he was entitled to over three hundred dollars for separate rations at the time of the advance. However, the validity of the entry and the weight to which it might be entitled became extremely doubtful in view of the fact that no record could be found in the finance office or at any other place to substantiate the item.

The evidence related above shows merely a conflict in the testimony introduced at the trial. It is not our function to enter the province of the trial court and attempt to determine the credibility of witnesses or the probative value of questioned documents. Nor should we direct a rehearing when the evidence of record is sufficient to sup-

630

port the findings of the court-martial. See United States v McCrary, 1 USCMA 1, 1 CMR 1. Here the triers of fact believed the witnesses for the Government, and I am satisfied that their evidence is sufficient to support the finding made.

As to the second offense reversed by the majority, I believe the evidence sufficient to show all the elements of the offense. Furthermore, for the reasons which I hereinafter mention, I find that the error committed by the court was favorable to the accused.

The record relates that the accused was in charge of a computation unit at the Central Finance and Accounting Office, Heidelberg, Germany. During August 1956, he was approached by Specialist Second Class Grier who, wishing to purchase an automobile, asked him if he, Grier, could obtain seven or eight hundred dollars in advance pay. The accused agreed to arrange the transaction, and in light of other evidence in the record, I am sure the accused was not prompted by sympathetic and laudable purposes to run a loan agency with the Government's money. Later that month Grier contacted the accused at the finance office and was told to go to the cashier. There Grier received eight hundred dollars after signing a payroll voucher. At that time, the accused told him that eighty dollars per month would be deducted from his pay until the advance had been repaid. This was done for two pay periods. However, when Grier discovered that the plan was illegal, he requested that he receive no further pay until the indebtedness had been liquidated. Upon these facts, the accused was tried on a charge of larceny, but without instructional guidance upon wrongful appropriation, the court-martial found him guilty of that lesser offense.

Article 121, supra, includes two offenses, larceny and wrongful appropriation, which are distinguished by only one element. In committing the act of larceny, the perpetrator must intend to deprive another of his goods permanently, whereas in wrongful appropriation the intention is to deprive temporarily. Therefore, in order to determine the issue it must first be ascertained whether in this instance wrongful appropriation is a lesser included offense of larceny and, if so, whether the finding can be sustained in the absence of instructions.

In United States v Bartholomew, 1 USCMA 307, 3 CMR 41, we were faced with a situation wherein the accused was charged with murder and found guilty of voluntary manslaughter. In that instance, we assumed arguendo that the court erred. But here, because of the arguments of the parties, I believe we must decide that question. To do that and to give effect to our holdings in allied areas, I look first to the pleadings, for Article 79 of the Uniform Code of Military Justice, 10 USC § 879, states:

"An accused may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein."

A solution of that problem will detain me but momentarily as a cursory inspection of the specification discloses that both offenses are included within the scope of the pleadings.

I therefore pass on to evaluate the evidence. In discussing that facet of this controversy, I call attention to paragraph 158 of the Manual for Courts-Martial, United States, 1951, which provides that:

"If the evidence adduced during a trial fails to prove an offense charged but does prove the commission of an offense necessarily included in that charged, the accused may be found guilty of such included offense."

The meaning of this sentence appears clear and unambiguous to me, but it is not necessary that I rely upon it alone. In drafting Article 79, referred to above, the language of Rule 31(c), Federal Rules of Criminal Procedure, was followed. See Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 248. That Federal statute, which differs slightly

**631**

from Article 79, has been construed by the Supreme Court upon the very point with which we are concerned in the instant case. In Sparf v United States, 151 US 51, 53, 39 L ed 343, 347, 15 S Ct 273 (1895), the court in discussing lesser included offenses stated:

"The court below assumed, and correctly that section 1035 of the Revised Statutes [now Title 18, Rule 31(c), Federal Rules of Criminal Procedure] did not authorize a jury in a criminal case to find the defendant guilty of a less offense than the one charged, unless the evidence justified them in so doing. Congress did not intend to invest juries in criminal cases with power arbitrarily to disregard the evidence and the principles of law applicable to the case on trial. The only object of that section was to enable the jury, in case the defendant was not shown to be guilty of the particular crime charged, *and if the evidence permitted them to do so,* to find him guilty of a lesser offense necessarily included in the one charged, or of the offense of attempting to commit the one charged."

In applying that rule in this case, I find the court-martial was not justified in rendering a finding of guilt of the lesser offense. Grier received the money involved in the questioned specification through the machinations of the accused. It was known by the accused that the money would leave Grier's possession and it was anticipated that a similar amount would be returned to the Government by deducting the total of the spurious loan from Grier's pay. Under those circumstances it is beyond dispute that the accused did not intend to have the identical money returned to the Government and the following language which we used in United States v Krawczyk, 4 USCMA 255, 15 CMR 255, is controlling:

". . . Further it requires that, to raise the lesser and included offense of wrongful appropriation, a showing be made that the accused intended to return the *identical* property misappropriated.

". . . Moreover, we conclude that a return of—or an intent to return— the property, so as to reduce the crime from one of larceny to a mere wrongful appropriation, must involve a return of the identical item withheld, and not any sort of equivalent or reasonable facsimile. And we conclude finally that money is not to be distinguished for this purpose from any other sort of 'personal property, or article of value of any kind,' as mentioned in Article 121."

Thus, I conclude that it was error for the court to find the accused intended to deprive the Government temporarily of its money. See United States v Hutchins, 6 USCMA 17, 19 CMR 143; United States v Krawczyk, supra; United States v Krull, 3 USCMA 129, 11 CMR 129.

In addition to the foregoing error, one other infirmity infests the findings. The law officer gave no instructions on the offense of wrongful appropriation and times without number we have held it erroneous for a court to return findings on an offense without guideposts to point the way. See United States v Gibson, 3 USCMA 512, 13 CMR 68, and cases cited therein.

That leaves for consideration the question of whether the errors resulted in prejudice to the accused. The Government argues that if, from the evidence, all reasonable men would have convicted the accused of the greater offense, the accused was not prejudiced by the court rendering a finding as to the uninstructed lesser offense. In United States v Bartholomew, supra, we held it was not prejudicial for a court to find an accused guilty of voluntary manslaughter when the evidence established murder. There we said:

". . . Even if the court-martial in the present case was not justified in finding petitioner guilty of voluntary manslaughter, it did so in fact— and we fail to see how such error could possibly have harmed the accused. The evidence clearly establishes murder. Most jurisdictions of

the United States have held that if the evidence warrants conviction in a higher degree of homicide than that found, the appellant may not complain *even though the lower degree in fact found is not supported by the evidence.*" [Emphasis supplied.]

We have applied this rule in United States v Ginn, 1 USCMA 453, 4 CMR 45, and United States v Lee, 3 USCMA 501, 13 CMR 57, and I do not find any good reason to retreat from it in this instance.

From the record in the case at bar, it is certain that the court members were convinced beyond a reasonable doubt that the accused intended to deprive the Government of its money. However, they were not informed particularly that, as a matter of law, a finding of guilty of wrongful appropriation could not be returned. All the record points up is the fact that the law officer did not mention that offense and his silence apparently was not interpreted as a command to consider only guilty or innocence of the larceny offense. No doubt the actions of the accused in arranging to have the indebtedness repaid indicated to the court members that his intention was to have equivalent funds returned over an extended period and therefore that the deprivation was only temporary. Thus, under a misconception of law, they decided to find the accused guilty of the crime which appeared most closely related to the evidence. I am therefore convinced that if they had been informed properly on the principles differentiating larceny and wrongful appropriation, they would have found the accused guilty of the greater offense. Accordingly, it is my opinion that the error in reducing the offense presented the accused with a finding more favorable than the evidence permitted. Under these circumstances, his contention that he was prejudiced should be overruled.