UNITED STATES, Appellee

v

SAMUEL HORTON, Airman Second Class, U. S. Air Force, Appellant

9 USCMA 469, 26 CMR 249

*Lieutenant Colonel Ellis L. Gottlieb* and *Captain John H. Leonard* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Lieutenant Colonel James R. Thorn* were on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

Accused was found guilty of larceny by a special court-martial, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. Accused's duties included the collecting and safeguarding of all moneys received from the sale of lunches in the "In-Flight Kitchen." An official audit revealed that $130.60 of this fund was missing. In both a pretrial statement and at trial accused admitted to taking $50.00 or $60.00 of the missing money. Accused testified that he at all times intended to repay the sum taken by him with money he was expecting from home. In fact, when he received the expected money from home, he repaid the entire amount of $130.60.

In the course of his instructions the president of the court refused a defense request to include an instruction on the lesser included offense of wrongful appropriation.

We granted to determine whether or not this refusal on the part of the president constituted prejudicial error.

The Government, upon the theory that United States v Hayes, 8 USCMA 627, 25 CMR 131, overruled United States v Krawczyk, 4 USCMA 255, 15 CMR 255, argues that the accused was guilty of embezzlement and the offense of wrongful appropriation was, as a matter of law, not in issue so that no instruction thereon was required.

In United States v Krawczyk, supra, we pointed out that Article 121 of the Code, supra, abolished the distinctions between larceny, embezzlement, and false pretenses. We held in that case that if the accused's intent is to deprive the owner of the taken property permanently, he is guilty of larceny; if temporarily, then only of wrongful appropriation. Thus, an intent of a particular kind is required, and in that respect Article 121 differs from state statutes prohibiting the unauthorized use of funds by persons entrusted with their custody or management. See District of Columbia Code, 1951 ed, Title 22, § 22–1210. We went on to say in the *Krawczyk* case that a return of, or an intent to return, the property so as to reduce the crime from one of larceny to a mere wrongful appropriation must involve a return of the identical item withheld. In this connection, we said that money is not to be distinguished from any other sort of personal property.

In United States v Hayes, supra, we overruled this by holding that where the property involved in a charge of larceny is money, the fact that the accused cannot return the identical money does not preclude the issue as to the lesser included offense of wrongful appropriation. See also United States v Boudreau, 9 USCMA 286, 26 CMR 66.

Consequently, the decision of the board of review is reversed and the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

In United States v Krawczyk, 4 USCMA 255, 15 CMR 255, we reaffirmed the rule announced in previous cases that Congress had grouped the

crimes of larceny, embezzlement, and obtaining goods under false pretenses into the generic crime of larceny. See United States v Valencia, 1 USCMA 415, 4 CMR 7; United States v Aldridge, 2 USCMA 330, 8 CMR 130; United States v Buck, 3 USCMA 341, 12 CMR 97. We did not, however, indicate that Congress intended to deracinate any one of those offenses. While we held the means of obtaining possession of the property became unimportant, the intent with which the accused deprived the owner of his property remained the heart of the offense. But it is to be kept in mind that that element must be assessed—as it always has been—in relation to the identical property converted. Many embezzlers really intend to replace the property they convert and, now that the doctrine that a fiduciary may convert the res to his own use and return different property without being guilty of embezzlement is to become the law of this Court, that aspect of the present crime of larceny will be written out of military law. Certainly Article 121 of the Uniform Code of Military Justice, 10 USC § 921, requires a particuler kind of intent but it is referring to the property taken and not some substitute at the convenience of the wrongful taker. I know of many reasons why we should not lower the weir in the armed services below that in the civilian community, but unfortunately that is the effect of this decision.