UNITED STATES, Appellee

v

BILLY W. EPPERSON, Private First Class, U. S. Marine Corps, Appellant

10 USCMA 582, 28 CMR 148

No. 12,874

Decided August 14, 1959

*Commander John P. Gibbons,* USN, was on the brief for Appellant, Accused.

*Major Ted H. Collins,* USMC, was on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by special court-martial, the accused pleaded guilty to larceny of a properly endorsed Government check, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921. He was found guilty and sentenced to bad-conduct discharge, partial forfeitures, and confinement at hard labor for four months. Following affirmance of the findings and sentence by a Navy board of review, we granted the accused's petition for review on the issue of whether his sworn statement in extenuation and mitigation of his offense rendered the acceptance of his guilty plea improper.

After the findings of guilty were announced, the accused elected to testify concerning the offense of which he had been convicted. He related that he returned from liberty in an intoxicated condition to his barracks at Newport, Rhode Island, in order to borrow some money. He noticed an endorsed check in the Second Platoon area of the building and picked it up. He cashed the check and used the proceeds to continue his spree. On the following morning, he attempted to find the owner of the check "so that I would be able to repay it." He was unable to discover his victim's identity. At 3 o'clock, he was interrogated by his superiors "about Private ROSE'S check, then I knew whose check it was that I had cashed." The accused admitted he had taken the instrument and gave funds remaining in his possession to an officer for delivery to the victim. The accused subsequently testified that he "had intentions of paying it back the next day, when I remembered I had a check I was going to pay it back."

The president of the court-martial expressed concern over whether accused's statement was consistent with his plea of guilty and directed a recess in order that the defense counsel and his client might consult. The president indicated, however, that his fear of inconsistency was based on the accused's testimony concerning his intoxication. Following the recess, the defense counsel stated that the accused was not attempting to indicate he was suffering from "alcoholic amnesia" or that he did not know the check involved was not his property. Counsel also pointed out accused's low classification test scores and stated that the point of the testimony was "Mentality coupled with the intoxicating beverages." The court proceeded to the question of sentence.

The accused urges that his declaration that he intended to repay his victim was inconsistent with his plea of guilty to larceny in view of our decision in United States v Hayes, 8 USCMA 627,

25 CMR 131. There, we held that an intent to replace unlawfully taken funds with an equivalent amount in other bills was not the same as the intent to steal required in Code, supra, Article 121. The Government properly concedes that United States v Hayes, supra, is dispositive of the granted issue.

There is no significant difference between an intent to replace a properly endorsed Government check with a sum of money equivalent to its face value and the intent to replace one sum of money with its equivalent in other bills. Normally, there is nothing about a check drawn on the United States Treasury and endorsed by its payee which would impart to it special value over and above the sum of money which it represents. While, under some circumstances, a check may have intrinsic value as a receipt, record, or for some other purpose, just as a particular coin or bill may have worth as a numismatic item, we are not faced with such considerations here. Hence, the general rule controls. United States v Hayes, supra; United States v Boudreau, 9 USCMA 286, 26 CMR 66; United States v Horton, 9 USCA 469, 26 CMR 249.

The accused's statement of his intention to replace the property taken with a sum equal to its face value causes a question to arise concerning whether he at any time entertained the intent permanently to deprive his victim of the property involved. While his post-findings testimony is not entirely clear on whether he intended to make reimbursement at the time he unlawfully took the instrument, the posture of the evidence is such that it is doubtful that his plea was provident. This conclusion is reinforced by the Government's concession in its brief that United States v Hayes, supra, governs the question presented. Where doubt exists concerning the propriety of an accused's plea, it is proper that the issue be resolved in his favor.

However, nothing in accused's statement militates against the propriety of his plea insofar as it encompassed the elements of the lesser included offense of wrongful appropriation, also in violation of Code, supra, Article 121. Admittedly, he intended temporarily to deprive the owner of the check of the sum it represented and, in fact, he did so. Thus, his statement was perfectly consistent with so much of his judicial confession as related to the lesser offense. Accordingly, the prejudice involved may be purged by return of the record to the board of review for affirmance of findings of guilty of wrongful appropriation and reassessment of the sentence. Otherwise, a rehearing must be held.

The decision of the board of review is reversed and the record of trial is returned for affirmance of findings of guilty of wrongful appropriation and reassessment of the sentence, or direction of a rehearing.

QUINN, Chief Judge (concurring in the result):

Since I find no sufficient basis in this record for rejecting the concession of error advanced by mature and competent counsel for the Government, I concur in the result reached by Judge Ferguson.

LATIMER, Judge (dissenting):

I dissent.

In United States v Hayes, 8 USCMA 627, 25 CMR 131, I disagreed with the holding of the majority and noted my belief that in order "to raise the lesser and included offense of wrongful appropriation, a showing [must] be made that the accused intended to return the identical property misappropriated." United States v Krawczyk, 4 USCMA 255, 258, 15 CMR 255. See also United States v Krull, 3 USCMA 129, 11 CMR 129. I see little utility in rearguing my concepts in the case at bar. I do point out, however, that the view announced in the principal opinion represents an extension of the Hayes holding. Futhermore, it is clear we are not bound by a concession of the Government, United States v McNamara, 7 USCMA 575, 23 CMR 39, and I do not accede to the view that Hayes is dispositive of the instant appeal. While

the principal opinion comments that the accused's "post-findings testimony is not entirely clear on whether he intended to make reimbursement at the time he unlawfully took the instrument," I see no basis for any uncertainty. Without detailing all the evidence, I point out that at the time of the taking, accused was without funds with which to repay the next day, and did not even know who his victim was. And when asked expressly as to his intent at the time of taking, accused testified he just needed the money and cashed the check, adding that next morning when he recalled having taken the check he "had intentions of paying it back." It is well established that a change of heart on the part of a thief constitutes no defense. It is his intent at the time of the asportation that is determinative, not his intent after he has had time to reflect and decides to repent and make restitution. While repentance and repayment are matters to be taken into consideration on sentence, they do not exculpate a thief from his guilt of larceny, and as I read this record, that is all we have here. Accordingly, even if we were to extend the rule of United States v Hayes, supra, to include the instant situation, the posture of the post-findings evidence in the case at bar does not raise any issue of wrongful appropriation. Thus accused's statements are in nowise inconsistent with his plea of guilty to larceny, so as to render his plea improvident. Moreover, a plea of guilty should not be set aside on appeal unless it appears clearly that it was improvident and here the principal opinion concedes that the posture of the post-trial statement leaves the issue in doubt. Under well-settled law that sort of showing does not justify a holding that the president of the court abused his discretion in permitting the plea to stand. Friedman v United States, 200 F2d 690 (CA 8th Cir) (1952). I would, therefore, affirm the decision of the board of review.