UNITED STATES, Appellee

v

PAUL E. FORSTER, Seaman Apprentice,
U. S. Navy, Appellant

13 USCMA 162, 32 CMR 162

No. 15,629

June 22, 1962

*Captain Frederick D. Clements,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Earl Munson,* USNR.

*Lieutenant (jg) Conrad Alexander Buhler,* USNR, argued the cause for Appellee, United States. With him on the brief was *Captain James W. Grant,* USN.

## Opinion of the Court

PER CURIAM:

We granted accused's petition for review in this case on issues dealing with the providence of his pleas of guilty to charges of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and wrongful possession of an armed forces liberty pass, with intent to deceive, in violation of Code, supra, Article 134, 10 USC § 934. It appears from the record below that the board of review carefully considered accused's allegation concerning his plea to the offense of larceny in light of the record of trial and the post-trial affidavits filed in the proceedings. We are satisfied that it had a sound basis for its conclusion that accused providently entered a plea of guilty to this charge and that his protestations on appeal are ill-founded. With respect to the pass offense, the board modified the findings of guilty to eliminate the alleged and found intent to deceive. It approved only the lesser disorder of wrongful possession of an armed forces liberty pass.

Before us, the accused urges that he merely found the pass and retained it in his possession because he feared being charged with an offense if he turned it in to his superiors. On the other hand, an additional affidavit has been filed by the Government before this Court

which indicates that the accused made a pretrial statement in which he declared that his retention of the instrument was motivated by its possible usefulness in the future. See United States v Blue, 3 USCMA 550, 13 CMR 106; United States v Alberico, 7 USCMA 757, 23 CMR 221; United States v Hayes, 8 USCMA 627, 25 CMR 131; and United States v Bridges, 12 USCMA 96, 30 CMR 96.

In order to eliminate any possible doubt concerning the matter, we remand the case to the board of review for consideration of accused's contention of complete innocence as opposed to the board's finding of a disorder, in light of all the information which has now been presented.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy for reference to, and further consideration by, the board of review.