UNITED STATES, Appellee

v

ROBERT J. BURTON, Seaman Apprentice,
U. S. Navy, Appellant

13 USCMA 645, 33 CMR 177

No. 16,412
April 12, 1963

■■■■■■■■■■

*Major Frederick D. Clements*, USMC, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Robert C. Watson*, USNR.

*Lieutenant Colonel Remmel H. Dudley*, USMC, argued the cause for Appellee, United States. With him on the brief was *Commander John D. Moroney*, USN.

## Opinion of the Court

FERGUSON, Judge:

A special court-martial convened by the Commanding Officer, U.S.S. JOHN W. THOMASON (DD–760), found the accused, in accordance with his plea, guilty of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and, despite a contrary plea, guilty of possession of a false armed forces liberty pass, with intent to deceive, in violation of Code, supra, Article 134, 10 USC § 934. He was sentenced to bad-conduct discharge, confinement at hard labor for six months, and reduction to the grade of seaman recruit. The convening authority reduced the period of confinement to four months but otherwise approved the sentence. The supervisory authority and the board of review affirmed.[1] We granted accused's *pro forma* petition for review, specifying the following issue:

"Whether the evidence raised the issue of the lesser included offense of mere possession of the pass under Charge II."

On May 13, 1962, accused requested, through proper channels, that he be granted liberty. His request was denied and, on May 19, 1962, he absented himself without leave. On May 21, 1962, he was routinely approached by the Shore Patrol and asked to produce his "liberty card and I.D. card." Accused presented only his identification card, was duly taken into custody, and driven to Shore Patrol Headquarters. Later, while the patrol vehicle was being cleaned, the forged pass in question —bearing accused's name and service number—was discovered near the seat on which accused had ridden.

After accused was returned to his vessel, he was twice interrogated after proper warning under Code, supra, Article 31, 10 USC § 831. On the first occasion, he told his executive officer, among other things, that it was true he had possessed "an armed forces liberty card which he knew at the time to be forged." In the second statement, he declared that he had not had the liberty card in his possession when he left the ship on May 19, but did have it with him when apprehended by the Shore Patrol.

The president of the court-martial instructed on the elements of the charged offense of possession of the pass, with intent to deceive, but made no mention of the lesser disorder of its possession without such intent.

Instructions on the elements of a lesser included offense must be given *sua sponte*, if there is in ■■■■■ ■ the record some evidence which reasonably places it in issue. United States v Clark, 1 USCMA 201, 2 CMR 107; United States v Simmons, 1 USCMA 691, 5 CMR 119; United States v Swain, 8 USCMA 387, 24 CMR 197; United States v Smith, 13 USCMA 471, 33 CMR 3.

The mere possession of a false or unauthorized pass is a disorder punishable under Code, supra, ■■■■■ ■ Article 134, as a lesser included offense of the greater crime of its possession with intent to deceive. United States v Blue, 3 USCMA 550, 13 CMR 106; United States v Karl, 3 USCMA 427, 12 CMR 183; United States v Alberico, 7 USCMA 757, 23 CMR 221. There is in this record some evidence which reasonably placed this offense in issue and required instruction of the court-martial on its elements.

According to accused's pretrial statements, he obtained the pass after he departed from his vessel without au-

---

[1] On March 6, 1963, as a result of departmental clemency review, that portion of accused's sentence adjudging bad-conduct discharge was remitted.

thority, and he admitted to no greater degree of culpability than its wrongful possession. Moreover, when faced with an obvious opportunity to use the card in order to deceive the Shore Patrol, he did not produce it. Rather, the instrument was surreptitiously placed beside his seat en route to Patrol Headquarters.

Mere wrongful possession of a false pass constitutes an insufficient predicate upon which to find the existence of an intent to deceive. United States v Alberico, supra; United States v Tamas, 6 USCMA 502, 20 CMR 218. While there are in this record circumstances surrounding accused's possession of the liberty card which would permit the finding of such an intent, there is, as noted above, also evidence from which it may reasonably be inferred that he did nothing more than have the item in his possession wrongfully. Upon such a state of proof, we necessarily find the lesser offense to have been placed in issue. United States v Clark, supra; United States v Simmons, supra. Accordingly, in the absence of the instructions on its elements, reversal is required.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The board of review may reassess the sentence on the basis of the findings of guilty of unauthorized absence and the lesser included pass offense, or order a rehearing as to Charge II, its specification, and the penalty.

Chief Judge QUINN and Judge KILDAY concur.