UNITED STATES

v.

**Senior Airman Cornell A. BATISTE, FR 568–96–8061, 81st Transportation Squadron.**

**ACM S24979.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 Jan. 1980.

Decided 8 May 1981.

Before POWELL, KASTL, and MAHONEY, Appellate Military Judges.

DECISION

MAHONEY, Judge:

Theft of urine. The accused claims his acts did not constitute the offense because urine has no value and therefore cannot be the subject of larceny. Resisting the temptation to draw upon the colorful and imaginative arguments of counsel, we disagree.

As a part of the Air Force drug testing and rehabilitation program, samples of urine were collected, labeled, and prepared for shipment to a testing laboratory. The accused, a shipping clerk, was supposed to send the samples to the testing laboratory. Before doing so on the two occasions in question, he removed the specimen collected from a particular person, and substituted other urine from a handy source.[1]

---

1. Based upon this course of conduct, the accused was also convicted of dereliction of the duty he undertook, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C.

■ The offense of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921, is delineated as follows:

(a) Any person subject to this chapter who wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any *money, personal property* or *article of value of any kind* _ _ _
(1) with intent permanently to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner . . . . [Emphasis added.]

By definition, personal property is generally considered to be something of value,[2] so with the possible exception of money, nothing may be the subject of larceny unless it has "value."[3]

■■ In determining whether the urine in this case had some value, we note generally that no property or article has intrinsic or objective value. Its worth is subjective and extrinsic. The requirement of the Code is satisfied if the property or article has value to someone.[4] The precise nature or extent of the value need not be pleaded or proven, and there is no requirement that the value be monetary or pecuniary in nature.[5]

■ In the case before us, the evidence clearly establishes a procedure whereby the Air Force intended to carefully and expeditiously collect, account for, safeguard, transport, and test urine samples. Thus, it is clear beyond cavil that the urine wrongfully withheld by the accused was of some value to the Air Force, and a proper subject of larceny.[6]

We have considered the remaining assignments of error and resolved them adversely to the accused. The approved findings of guilty and sentence are correct in fact and law, based upon the entire record, are

AFFIRMED.

POWELL, Senior Judge, and KASTL, Judge, concur.

---

§ 892, and wrongful substitution of other urine *for that in the specimen vial, in violation of* Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. On both occasions those offenses were properly ruled multiplicious with the theft for sentencing purposes.

2. Black's Law Dictionary 1095 (5th ed. 1979).

3. *See,* Winthrop, Military Law and Precedents 686 (2d ed. 1920 Reprint). Nominal value is sufficient for commission of the offense. *United States v. Frost,* 22 U.S.C.M.A. 233, 46 C.M.R. 233 (1973). Specific greater monetary values, if alleged and proved, will permit imposition of additional punishment as an aggravation of the offense. Paragraph 127c, Table of Maximum Punishments, Manual for Courts-Martial, 1969 (Rev.).

4. Even abandoned property, while not a subject of larceny, *United States v. Swords,* 35 C.M.R. 889, 894 (A.F.B.R.1965); *United States v. Troupe,* 10 C.M.R. 878 (A.F.B.R.1953), is normally of some value, at least to the person

claiming it. The urine in question having been *abandoned by its excreter, came properly into* the possession and ownership of the United States. *See United States v. Woods,* 3 M.J. 645, 646–48 (N.C.M.R.1977).

5. As pointed out by trial defense counsel, traditional measures of value, such as government price lists, legitimate market value, price tags, or recent purchase price, are of no benefit in determining the value of a specimen of human urine.

6. The immediate substitution by the accused of a like quantity of urine does not diminish the offense to wrongful appropriation, *United States v. Epperson,* 10 U.S.C.M.A. 582, 28 C.M.R. 148 (1959); *United States v. Hayes,* 8 U.S.C.M.A. 627, 25 C.M.R. 131 (1958), because for the purpose considered valuable, the particular urine specimen was not fungible with any other urine sample.