UNITED STATES, Appellee

v.

JOHN P. SMITH, Sergeant, U. S. Army, Appellant

2 USCMA 312, 8 CMR 112

No. 1453

Decided March 17, 1953

LT. COL. Edgar R. Minnich, U. S. Army, and 1ST LT. Benjamin Feld, U. S. Army, for Appellant.

LT. COL. Thayer Chapman, U. S. Army, and 1ST LT. Martin Blackman, U. S. Army, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused, together with a Corporal West, were tried and convicted by general court-martial in Japan of larceny, and sentenced to dishonorable discharge, total forfeitures, and confinement for one year. The convening authority approved the findings and sentence as to the accused, dismissing as to West. An Army board of review affirmed. We granted the accused's petition for review limited to the issues of whether the common trial was legal, whether the instruction on value was sufficient, and whether error was committed by the failure to instruct on the lesser offense of wrongful appropriation.

The issue in relation to common trial may ·be disposed of without extended discussion. No objection to common trial was made by the accused either prior to or during the trial. Defense offered no motion for a severance. Under these circumstances, any issue as to the legality of the common trial is waived. United States v. Bodenheimer (No. 676), 7 CMR 6, decided January 19, 1953.

The two final issues require some recitation of the evidence. On December 29, 1951, a suitcase and certain items of clothing were stolen from one Hiromu Ikawa. Ikawa testified that his room had been broken into and the items taken out of his closet. The value. of the suitcase and clothing was established by qualified witnesses to be well over $50. Ikawa testified that most of the clothing taken belonged to him, but that some of it did belong to one Miyamoto, who had given it to him as security for a loan. Two military police witnesses testified that the items taken were found in the possession of the accused and that the accused admitted taking them. Miyamoto testified that he had borrowed some money from the accused and told him that he could take his clothing if he did not pay back the loan. The accused testified that he needed money and took the clothing from Ikawa's room in the belief that it belonged to Miyamoto.

Under these circumstances, we find no merit to the defense contention that the law officer committed prejudicial error in informing the court that a finding of value under the larceny charged could be predicated on the value alleged "or some value." Since the value of the articles taken may cause the maximum sentence to be either one year or five years' confinement, depending on whether it is under or over fifty dollars, it is generally desirable that the court be directed to find either the value alleged or, by proper exceptions and substitutions, the value proven, if different. However, such an instruction would have been of little use in this case since the value of the clothing taken was proven to be well over fifty dollars, and defense did not contest this evidence. The court could not have been misled by the law officer's instruction concerning value.

Similarly, we cannot say that the failure of the law officer to instruct on the elements of the lesser offense of wrongful appropriation constituted prejudicial error. This offense was not fairly raised by the evidence. If the accused rightfully took certain items of the clothing as collateral for the debt owed him by Miyamoto, then he was guilty neither of wrongful appropriation nor

**313**

of any lesser included offense of larceny. At the most, he would have been guilty of a criminal trespass upon Ikawa's property, an offense not charged. The rationale advanced by defense would constitute a total defense and, if legally sound and believed, would result in a finding of not guilty of the offense charged.

Finding no merit to the allegations of error raised by defense, we must affirm the decision of the board of review.

Judges LATIMER and BROSMAN concur.