UNITED STATES, Appellant

v.

BILLY J. HAYWOOD, Corporal, U. S. Army, Appellee

2 USCMA 376, 9 CMR 6

Lt. Col. Thayer Chapman, U. S. Army, and 1st Lt. Robert K. Mayo, U. S. Army, for Appellant.

Lt. Col. Edgar R. Minnich, U. S. Army, and 1st Lt. Thomas E. Cole, U. S. Army, for Appellee.

## Opinion of the Court

Robert E. Quinn, Chief Judge:

The accused was tried by general court-martial for the offenses of reckless driving, wrongful appropriation, and wrongfully leaving the scene of a collision without making his identity known, in violation of the Uniform Code of Military Justice, Articles 111, 121, and 134, 50 USC §§ 705, 715, and 728. He was found guilty only of wrongful appropriation and was sentenced to reduction to the lowest enlisted grade, confinement for six months, and partial forfeitures for six months. The convening authority, approved but suspended the confinement. An Army board of review held that there was in the record sufficient evidence of intoxication to require instruction as to the elements of a lesser offense not requiring the element of specific intent. By way of purging the error, the board affirmed a finding of wrongful taking in violation of Article 134, reducing the period of confinement and forfeitures to four months.

We agree with the board of review that there was sufficient evidence of intoxication fairly to raise it as an affirmative defense. Under these circumstances the law officer's failure to instruct the court on the effect of intoxication upon the accused's capacity to commit the offense charged was error. United States v. Ginn (No. 263) 4 CMR 45, decided July 10, 1952; United States v. Charles F. Simmons (No. 505) 5 CMR 119, decided September 26, 1952. The board's attempt to purge the error, however, was ineffectual, for, as was held in United States v. Norris (No. 1756) 8 CMR 36, decided February 27, 1953, Article 134 of the Uniform Code of Military Justice, supra, embraces no such offense as wrongful taking unaccompanied by an intent, permanently or temporarily, to deprive the owner of his property. Accordingly, the decision of the board of review is reversed and a rehearing is ordered.

**Headnote 2**

Judge Latimer concurs.

Brosman, Judge (concurring):

This case serves admirably, I believe, to point up the desirability of an offense of *wrongful taking* cognizable under the Code—as I suggested in my concurring opinion in the Norris case. Here the accused appears to have been intoxicated. Although his condition may have been such as to preclude the formation of the specific intents requisite for the offenses of larceny and wrongful appropriation, the fact remains that he *did* take the car in question, and that his taking was—in every sense of the word —wrongful. That, to my mind, warrants the application of criminal sanctions. I do not intend to detract in any degree from the opinion of this Court in the Norris case— for I certainly regard as sound its conclusion that, under the Code as presently written, wrongful taking is not an offense punishable under Article 134. The remedy for this hiatus must rest with the Congress.