UNITED STATES, Appellee

v

CHARLES A. ROARK, Private, U. S. Marine Corps, Appellant

12 USCMA 478, 31 CMR 64

No. 15,085

August 11, 1961

*Lieutenant Colonel E. W. Johnson,* USMC, and *Lieutenant Sherwin Seldin,* USNR, were on the brief for Appellant, Accused.

*Commander Louis L. Milano,* USN, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

On the ground it had "very considerable doubt" that the evidence showed the accused intended permanently to deprive the owner of money taken by the accused, a board of review set aside the accused's conviction of larceny. However, it affirmed findings of guilty of the lesser included offense of wrongful appropriation, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921. We granted review to consider whether the new findings of fact made by the board of review support its affirmance of the lesser offense.

The accused was charged with stealing $86.00 from Private First Class D. Coleman. He and Coleman were "very good friends." They had attended high school together. Coleman was "influential" in getting "[the accused] to join the Marine Corps," and together they "went through" boot camp. On at least two occasions in the week before the alleged theft, the accused warned Coleman against keeping money in his locker, and advised him either to bank his money or to purchase a money order. Returning to the base on a Saturday night, the accused went to talk to Coleman. He found him asleep. Knowing there was money in the locker, he decided to "play a joke" on Coleman

478

and "teach him a lesson." He extracted Coleman's wallet; took out the cash but left the identification papers; and then put the wallet on the steps of the barracks, where it was found early the next morning by another occupant. The accused testified he was not in debt; that he did not need money. He took Coleman's money only to "teach him a lesson." On Sunday he went to see Coleman to return the money, but did not find him; on Monday, he was apprehended by an investigator for the provost marshal before he had an opportunity to see Coleman. He admitted to the agent he had taken the money and he turned over all of it. Coleman testified he believed the accused did not take the money with the intent to deprive him of it, but rather "as a joke to teach . . . [him] a lesson." He told the "CID that . . . [the accused] probably had the money."

On review, a majority of the board of review found that the accused took Coleman's money not with the intent to deprive him permanently of it, but "to teach his friend a lesson." It concluded, however, that the "motivation" was "of little significance in determining . . . [accused's] guilt of the lesser offense," and, therefore, affirmed findings of guilty of wrongful appropriation. Board Member Jones dissented on the ground that the finding of fact also established the "absence *of criminal intent*" required for the lesser offense. We agree with him.

Not every taking of property without the consent of the owner constitutes a violation of Article 121 of the Uniform Code. Additionally, there must be an accompanying criminal intent either to deprive the owner permanently of the property taken, which is larceny, or the intent to deprive him temporarily of the property, which is wrongful appropriation. United States v Norris, 2 USCMA 236, 8 CMR 36; United States v Haywood, 2 USCMA 376, 9 CMR 6. If the intent accompanying the taking is neither of those specified, the taking may be wrongful, but does not constitute a violation of Article 121. United States v Hayes, 8 USCMA 627, 25 CMR 131. Here, the board of review found the accused's intention was to teach his friend a lesson. That is a wholly innocent purpose, not a criminal or evil one. Accused's disclaimer of any criminal intent is a "total defense" to a prosecution under Article 121, and, since believed by the board of review, entitles the accused to a finding of not guilty of both larceny and wrongful appropriation. United States v Sims, 5 USCMA 115, 119, 17 CMR 115; United States v Smith, 2 USCMA 312, 8 CMR 112.

The board of review, therefore, erred in its conclusion. The findings of guilty and the sentence are set aside and the charge is ordered dismissed.