UNITED STATES, Appellee

v

CLIFTON L. CLEVELAND, Airman Third Class,
U. S. Air Force, Appellant

15 USCMA 121, 35 CMR 93

No. 18,048

November 6, 1964

Colonel Robert O. Rollman and Lieutenant Colonel Andrew S. Horton were on the brief for Appellant, Accused.

Colonel Emanuel Lewis and Major Thomas J. Connolly were on the brief for Appellee, United States.

Opinion of the Court

PER CURIAM:

Tried by special court-martial upon a charge of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, the accused pleaded guilty to wrongful appropriation, in violation of the same Article, and persisted in that plea, following explanation of its meaning and effect. He was found guilty of larceny, and sentenced to bad-conduct discharge, confinement at hard labor for six months, forfeiture of $55.00 per month for six months, and reduction. Intermediate appellate authorities affirmed, and before us, accused contends, as he did below, that his trial testimony was inconsistent with his plea of guilty and the president should have inquired into its providence.

The charge involved larceny of a record player by the accused and one Edwards, a fellow airman. Appearing in his own defense, accused testified that Edwards approached him at the Dining Hall. He asked him to return to the barracks with him as "he was going to take Jackson's record player." Accused inquired "if he was crazy, and he said no."[1] Edwards then left the Dining Hall. When accused later returned to the barracks, he again encountered Edwards, who asked him to take a laundry bag "over to Jones' room in the Supply room." Edwards accompanied him, carrying another laundry

_____

[1] Some doubt of the expertise of Edwards' reply may be entertained, for the post-trial clemency report indicated he was found mentally irresponsible prior to institution of disciplinary proceedings against him.

121

bag. It was not until the parties arrived at Jones' room that accused discovered the laundry bag which he carried in fact contained Jackson's phonograph. Even then, Cleveland declared he "thought he [Edwards] was just pulling a joke" on Jackson and "kept trying to talk him into taking it back." It was not until the following day that he found out his own laundry bag had been used to conceal the record player. This was the first time he realized he was "a party to a crime."

The accused's express denial that he knowingly participated in any manner in the wrongful taking of the record player was totally inconsistent with his plea of guilty to its wrongful appropriation and necessitated a proper inquiry on the part of the president of the court-martial. United States v Epperson, 10 USCMA 582, 28 CMR 148; United States v Walter, 14 USCMA 142, 33 CMR 354; United States v Gossett, 14 USCMA 305, 34 CMR 85; Manual for Courts-Martial, United States, 1951, paragraph 70b. Failure to conduct such inquiry and thereafter either to change accused's plea to not guilty or to obtain a disavowal of his inconsistent testimony was prejudicial and requires that the findings of guilty be set aside.

The petition for review is granted, and the decision of the board of review is reversed. The findings of guilty are set aside, and the record of trial is returned to The Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge Quinn would deny the petition for grant of review.