UNITED STATES, Appellant

v

CHARLES B. BROOKS, Staff Sergeant,
U. S. Air Force, Appellee

21 USCMA 3, 44 CMR 57

No. 23,848

July 2, 1971

Colonel *James M. Bumgarner* argued the cause for Appellant, United States. With him on the brief was *Major Nelson R. Kerr, Jr.*

*Lieutenant Colonel Norman L. Paul* argued the cause for Appellee, Accused. With him on the brief was *Colonel Bertram Jacobson.*

## Opinion of the Court

QUINN, Judge:

Pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, the Judge Advocate General of the United States Air Force certified this case on the following question:

Was the Court of Military Review correct in its determination that the accused's plea of guilty was improvident?

The accused was charged with larceny of stereo equipment from Sergeant Lee. At his request, he was tried by a military judge alone. He pleaded not guilty to larceny but guilty to the lesser offense of wrongful appropriation. During the judge's inquiry into the providence of the plea, the accused maintained that he had told Sergeant Lee not to leave his "equipment out constantly on his desk with his door wide open" because "people could walk in and take it." One night, he removed it and placed it in his locker. He explained that he "just wanted to teach" Lee "a lesson," and that if Lee "had approached me and asked me if I had it, I would have told him that I did and explain my reason to him and returned it to him at that time." The plea to wrongful appropriation was accepted, but after hearing the Government's evidence, the judge found the accused guilty of larceny as charged. On review, the United States Air Force Court of Military Review concluded that the accused's assertions in connection with his plea of guilty to the lesser offense "amounted to a complete disclaimer of criminality and

**3**

were thus inconsistent with guilt of wrongful appropriation."

For purposes of this appeal, we assume, without deciding, that the plea of guilty to the lesser offense of wrongful appropriation was erroneously accepted. However, we perceive no reasonable justification for the conclusion of the Court of Military Review that the accused was prejudiced by that plea.

The trial judge convicted the accused of *larceny*. As the independent evidence demonstrated beyond doubt that the accused took Sergeant Lee's property without consent or authority, the only disputed issue was the accused's intent. The trial judge determined that the accused intended to deprive Sergeant Lee permanently of his property. This finding is supported by compelling evidence, including testimony by the accused's roommate to the effect that the accused had told him he had purchased the equipment at the Post Exchange, and testimony by the First Sergeant that the accused had represented to him that the equipment was his. In our opinion, the trial judge's finding of a larcenous intent constitutes a complete rejection of the intent admitted by the accused in his plea of guilty. That finding does not rest in any significant way upon either the admission of an intent to temporarily deprive, inherent in the accused's plea of guilty to the lesser offense, or upon the disclaimer of any criminal state of mind in the accused's explanation of the reasons that led him to take Sergeant Lee's property. These circumstances distinguish this case from United States v Cleveland, 15 USCMA 121, 35 CMR 93 (1964). There, the accused's plea of guilty to wrongful appropriation could reasonably have influenced the court members to disregard his testimony that he was merely an innocent participant in the wrongful taking and asportation of the victim's property. Consequently, in answer to the certified question, we hold that, regardless of the providence of the plea of guilty to the lesser offense, the plea did not prejudice the accused.

The record of trial is returned to the Judge Advocate General of the Air Force for submission to the Court of Military Review for further proceedings consistent with this opinion.

Chief Judge DARDEN concurs.

FERGUSON, Senior Judge (dissenting):

I dissent.

My brothers hold that even if the accused's plea of guilty to wrongful appropriation was erroneously accepted by the military judge, because improvidently made, the error did not prejudice the finding that the accused was guilty of the charged offense of larceny. In reaching this conclusion they attempt to distinguish this Court's opinion in United States v Cleveland, 15 USCMA 121, 35 CMR 93 (1964). I disagree.

This case is before us on certification by the Judge Advocate General of the Air Force, pursuant to Article 66(c), Uniform Code of Military Justice, 10 USC § 866. The question asked is:

Was the Court of Military Review correct in its determination that the accused's plea of guilty was improvident?

Charged with a single offense of larceny of several items of stereo equipment, property of a fellow staff sergeant, in violation of Article 121, Code, supra, 10 USC § 921, the accused pleaded not guilty of the offense charged but guilty of the lesser included offense of wrongful appropriation. Tried by military judge alone, he was convicted of larceny and sentenced to a bad-conduct discharge and confinement at hard labor for six months. The 3320th Retraining Group, Lowry Air Force Base, Colorado, was designated as the place of confinement. The Court of Military Review reversed the conviction and ordered a rehearing in light of the fact that at all times during the trial the accused declared that he had an "innocent purpose" (to teach his friend a lesson) in taking the equipment. This testimony led the court to "conclude that the assertions of this

4

accused, like those in *Roark* [United States v Roark, 12 USCMA 478, 31 CMR 64 (1961)], amounted to a complete disclaimer of criminality and were thus inconsistent with guilt of wrongful appropriation."

During his inquiry into the accused's plea of guilty to wrongful appropriation, the military judge asked the accused to tell, in his own words, what happened with regard to the charge and specification. The accused replied:

"Yes, Your Honor. On several occasions, I can't recall when they were, I talked with Sergeant Lee and I told him that he was leaving his recording equipment out constantly on his desk with his door wide open, not secured or anything, and I told him that he should lock it up or that somebody would steal it because we've had a lot of thefts on base. Just a few days prior to that at the Airman's Club they had about $600.00 stolen. I told him to lock it up or it was going to get stolen, but he still didn't do it. He constantly kept it sitting out wide open and people could walk in and take it. So one night I removed it from his room and placed it in my locker and locked it up, secured it, until the Air Police came with a permit for search and seizure and they removed it from my locker and took me up and placed charges against me."

Later, after declaring that it was his intention to temporarily, but not permanently, deprive the owner of his property, the accused explained to the military judge:

"Not that I didn't want him to have the use of it, I just wanted to teach him a lesson. If he had approached me and asked me if I had it, I would have told him that I did and explain my reason to him and returned it to him at that time."

On the basis of this testimony, the Court of Military Review stated:

". . . [W]e are convinced, as appellate defense counsel contend,

that the assertions made by this accused did amount to an unmistakable disclaimer of the mens rea or general criminal intent which the law requires as a necessary ingredient of any criminality. In persistently declaring that his purpose in acting as he did was only 'to teach Sergeant Lee a lesson,' the accused's characterization of his state of mind was, in essence, that he had sought merely to impress upon the victim, in dramatic fashion, the folly of his frequent failure to secure his property. That protestation, in all essential respects, is but an echo of the situation which confronted the Court of Military Appeals in United States v Roark, 12 USCMA 478, 31 CMR 64 (1962) [sic]."

Roark was convicted of larceny of money from a friend. The record reflected that he took the money in order to play a joke on Coleman and teach him a lesson. On review, a majority of the board of review found that Roark took Coleman's money not with the intent to deprive him permanently but to teach his friend a lesson. It concluded, however, that the motivation was of little significance in determining Roark's guilt of the lesser offense, and, therefore, affirmed findings of guilty of wrongful appropriation. In reversing the board of review's action and ordering the charge dismissed, we said:

"Not every taking of property without the consent of the owner constitutes a violation of Article 121 of the Uniform Code. Additionally, there must be an accompanying criminal intent either to deprive the owner permanently of the property taken, which is larceny, or the intent to deprive him temporarily of the property, which is wrongful appropriation. United States v Norris, 2 USCMA 236, 8 CMR 36 [1953]; United States v Haywood, 2 USCMA 376, 9 CMR 6 [1953]. If the intent accompanying the taking is neither of those specified, the taking may be wrong-

ful, but does not constitute a violation of Article 121. United States v Hayes, 8 USCMA 627, 25 CMR 131 [1958]. Here, the board of review found the accused's intention was to teach his friend a lesson. · That is a wholly innocent purpose, not a criminal or evil one. Accused's disclaimer of any criminal intent is a 'total defense' to a prosecution under Article 121, and, since believed by the board of review, entitles the accused to a finding of not guilty of both larceny and wrongful appropriation. United States v Sims, 5 USCMA 115, 119, 17 CMR 115 [1954]; United States v Smith, 2 USCMA 312, 8 CMR 112 [1953]." [Ibid., at page 479.]

The holding in *Roark* that an "[a]ccused's disclaimer of any criminal intent is a 'total defense' to a prosecution under Article 121," makes clear the correctness of the holding by the Court of Military Review in this case that Brooks' plea of guilty to wrongful appropriation was improvident. "Upon receipt of such information, the law officer [military judge] should have received from the appellant a disavowal of such claim or refused to accept the plea." United States v Vance, 17 USCMA 444, 446, 38 CMR 242 (1968); Article 45(a), Code, supra, 10 USC § 845; paragraph 70*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). The plain mandate of "Article 45(a) . . . permits no digression." United States v Lewis, 18 USCMA 287, 290, 39 CMR 287 (1969), and cases cited therein.

In consequence, although the accused pleaded not guilty to but was found guilty of the principal offense of larceny, the Court of Military Review held that "invalidation of his conviction of that offense is, of course, required by reason of the improvidence of his plea of guilty to the lesser included offense of wrongful appropriation. United States v Cleveland, 15 USCMA 121, 35 CMR 93 (1964)." Cleveland, like this accused, was convicted of larceny. He too had pleaded not guilty to the charged offense but guilty of the lesser included offense of wrongful appropriation. In his trial testimony, Cleveland asserted that he did not *knowingly* participate in the theft. In reversing Cleveland's conviction for larceny and directing that a rehearing may be ordered, a majority of this Court stated:

"The accused's express denial that he knowingly participated in any manner in the wrongful taking of the record player was totally inconsistent with his plea of guilty to its wrongful appropriation and necessitated a proper inquiry on the part of the president of the court-martial. United States v Epperson, 10 USCMA 582, 28 CMR 148 [1959]; United States v Walter, 14 USCMA 142, 33 CMR 354 [1963]; United States v Gossett, 14 USCMA 305, 34 CMR 85 [1963]; Manual for Courts-Martial, United States, 1951, paragraph 70*b*. Failure to conduct such inquiry and thereafter either to change accused's plea to not guilty or to obtain a disavowal of his inconsistent testimony was prejudical and requires that the findings of guilty be set aside." [Ibid., at page 122.]

My brothers hold that *Cleveland* is inapplicable in this instance on the ground that in that case Cleveland's "plea of guilty to wrongful appropriation could reasonably have influenced the court members to disregard his testimony that he was merely an innocent participant in the wrongful taking and asportation of the victim's property." Their holding, however, disregards the fact that the majority of this Court in *Cleveland* found *prejudice as a matter of law* (Article 45(a), Code, supra; paragraph 70*b*, Manual, supra; United States v Lewis, supra, and cases cited therein) and was not concerned with the possible impact of the erroneous acceptance of the plea of guilty upon the members of the court. That the holding in *Cleveland* involved a "question of law" was specifically recognized by the Government in its petition for reconsideration. There, as do my brothers in this case, the Government contended, however, that "the plea of guilty to wrongful appro-

6

priation played no part in accused's conviction of larceny." Since Cleveland's conviction had been reversed in a per curiam opinion based only on his petition for grant of review, without directing the parties to present briefs and arguments on the question, the Government requested an opportunity to further litigate the issue. Despite the argument of the Government, quoted above, the petition for reconsideration was denied unanimously.

In my opinion, the doctrine of *stare decisis* is so important it requires that we adhere to the principle of law set forth in *Cleveland* or to specifically overrule it. The case of *Cleveland* cannot be distinguished by what might appear to be a factual difference. Failure to consistently adhere to established principles of law can only lead to confusion at lower levels of appellate review. Continuity of opinion, I believe, is a prime requisite for judicial due process.

I would answer the certified question in the affirmative.