UNITED STATES

v.

Private (E–2) Timothy D. YOUNG, 534–58–1557, US Army, Battery A, 1st Battalion (C/V) (SP), 67th Air Defense Artillery, 9th Infantry Division, Fort Lewis, Washington.

SPCM 11356.

U. S. Army Court of Military Review.

Sentence adjudged 28 April 1975.

Decided 22 Dec. 1975.

Appearances: Appellate counsel for the Accused: CPT Jay Sacks Cohen, JAGC; CPT Robert D. Jones, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC. Appellate counsel for the United States: CPT Nancy Battaglia, JAGC; CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

DeFORD, Judge:

At trial by special court-martial, the appellant pleaded guilty and was found guilty by military judge alone, of three specifications alleging the wrongful sale of marijuana in violation of Article 134, Uniform Code of Military Justice (UCMJ) (10 U.S.C. § 934).

The appellant through counsel alleges as error among others that: (1) the appellant's plea of guilty to the charge and its three specifications was improvident as the appellant was the victim of an impermissible government entrapment; (2) the appellant's plea of guilty was improvidently entered as the appellant was the mere procuring agent for the government agent/buyer; and (3) the appellant was substantially prejudiced because his defense counsel at the trial level was effectively denied the right to examine a "final" post-trial review of the staff judge advocate for the purpose of correcting or challenging any matters which he might deem to be erroneous, inadequate, or misleading or to otherwise make comment to the convening authority.

The factual situation necessary to the resolution of these assignments is as follows:

After the appellant entered his plea of guilty to the charge and its three specifications, the military judge conducted a thorough providency inquiry concerning the elements of the three specifications and the other matters normally required to establish a knowing and conscious plea. During the course of the inquiry, the appellant and the trial defense counsel acknowledged that they had adequate time to prepare their case and had discussed possible defenses.

■ The appellant described in his own words, the facts concerning the sale of marijuana alleged. During the appellant's discourse he stated that a friend in his barracks had contacted him concerning "helping out a friend" (the government undercover agent). The two men talked in terms of "lids" and of pounds of marijuana. A meeting place was arranged and the government undercover agent met the appellant at Fort Lewis, Washington on 16 January 1975. The men proceeded off-post in an automobile to a 7-11 Store where the appellant made a call to an unknown person who met the two men at a nearby tavern parking lot. The appellant after receiving the quoted price for a pound of marijuana got out of the car and entered the automobile of the unknown person. There, appellant was given the choice of two one-pound packages of marijuana. He selected one package of marijuana and returned to the car in which he and the government agent had arrived and gave the package to the agent. The agent and appellant then departed the parking lot and returned to the 7-11 Store at which point the appellant purchased some "plastic baggies" which he used to split the package of marijuana. He received a half of a "lid" of marijuana for his services in the transaction. The appellant testified that he made no fee arrangements prior to the transaction. However, he asked the agent for a "lid" of the marijuana as payment for his services in the transaction.[1]

1. The court may consider matters outside the record of trial in determining the providency of appellant's plea of guilty. *United States v. Johnson*, 49 C.M.R. 467 (A.C.M.R.1974) certi-

The appellant stated that with regard to the foregoing transaction he needed extra money as at that time of the month he was running low on money.

The accused testified he had sold marijuana on several occasions, prior to the incident which occurred on 16 January 1975. (R. 23).

The military judge then asked the appellant whether he had discussed the concepts of entrapment, agency, and aiding and abetting in the commission of a crime. The appellant acknowledged that he had discussed the matters with his counsel and responded that his participation in the events leading to the charges was more that as a mere agent; that he aided and abetted and assisted in the sale which occurred on the 16th of January.

The trial counsel then introduced a stipulation of fact which outlined the incidents in question and the appellant acknowledged that the matters set forth in the stipulation were true. The stipulation stated that the appellant had made a profit of $10.00 each from the two subsequent drug sales which occurred on the 18th of January. He further stated that he had established the price of $115.00 per pound of marijuana some two to three weeks prior to the incidents in question. (R. 27).

The military judge then determined that the appellant had made a knowing, intelligent and conscious waiver of his rights and his plea of guilty was provident and accepted. (R. 29).

During the sentencing portion of the trial, the military judge raised an inconsistency between the statement of the accused and the stipulation of fact concerning who made the initial contact with the appellant. The appellant testified that he had been contacted by the agent's confidential informant. The military judge noted that he had accepted the appellant's plea based upon appellant's statement that he had been approached by the agent's confidential informant. (R. 50). At the request of the trial defense counsel, the court recessed and the parties amended the stipulation of fact to show that the confidential informant had contacted the appellant initially because the informant knew the appellant had, in the past, both smoked and possessed marijuana. The trial defense counsel's response concerning the possible defenses were consistent with the view that the defenses of agency and entrapment had been considered but determined to be inappropriate and not plausible.

The military judge against questioned the appellant concerning his plea of guilty and stated that such a plea waived the defense of entrapment which could possibly result in acquittal. (R. 49–55). The military judge again asked the appellant if he still desired to plead guilty and the appellant responded that he did *not* (emphasis supplied) desire to plead guilty. (R. 55). The trial defense counsel repeated his protestations that there was no defense of entrapment and the military judge ruled that the appellant had not shown that there was good cause to withdraw the plea and denied the appellant's request. The court then proceeded to sentence the appellant.

The appellant's trial took place on 28 April 1975. The record of trial was authenticated by the military judge on 9 May 1975. The staff judge advocate served the post-trial review on the trial defense counsel on 20 May 1975 who declined to make a comment thereon. However, the post-trial review was not dated until 27 May 1975. The convening authority took his action on the appellant's case on 28 May 1975.

For ease of discussion, the first and second assignments of error are combined under I below and the third assignment of error under II below.

---

fied and affirmed on other grounds, 23 U.S.C. M.A. 416, 50 C.M.R. 320, 1 M.J. 36 (1975); United States v. McKee, 42 C.M.R. 797 (A.C.M. R.1970); United States v. Williams, 15 U.S.C. M.A. 65, 35 C.M.R. 37 (1964). The testimony of the government undercover agent at the Article 32, UCMJ, 10 U.S.C. § 832, investigation reveals that on 16 January 1975 appellant purchased two pound packages of marijuana. One he gave to the agent, the second package of marijuana he delivered to unknown persons in his unit. In addition, the agent testified that the appellant advised him he usually received one lid of marijuana for his services.

## I

■■ It has long been held that when an accused enters a plea of guilty, the military judge must establish on the record that the plea is a knowing and conscious waiver of the accused's constitutional rights as well as a complete understanding of the meaning and effect of his plea. Such an inquiry must not only reflect that the elements of the offenses charged have been explained to the accused but also that the military trial judge has questioned the accused about what he did or did not do, and what he intended (where pertinent), to make clear the basis for the determination by the trial judge whether the acts or omissions of the accused constitute the offense or offenses to which he is pleading guilty. Also the military judge must make such other inquiries as he deems appropriate in order to satisfy himself and make a finding on the record that there is a knowing, intelligent and conscious waiver in order to accept the plea.[2]

Article 45(a), UCMJ, provides in part, that "if an accused . . . after a plea of guilty sets up matter inconsistent with the plea, . . . a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty."

It has been held that the intent of Article 45(a) is fully met by requiring some substantial indication of direct conflict between the accused's plea and his subsequent statements.[3]

■ A necessary corollary to this requirement is that accused set up something that is truly inconsistent with his plea. The mere possibility of inconsistency or conflict with the plea does not trigger the provisions of Article 45(a), *supra*.[4]

With regard to the appellant's request to change his plea from guilty to not guilty, paragraph 70*b* of the Manual[5] provides in part, "If before the sentence is announced in a trial by general or special court-martial the accused asks permission to withdraw a plea of guilty and substitute a plea of not guilty . . ., the military judge . . . may, as a matter of *discretion*, permit him to do so." (Emphasis supplied).

■ The effect of such a request, if granted, does not in and of itself show improvidence of a plea to the merits. It is merely a strategic device to shift the government's burden from proving by plea to establishing by testimony.[6] Therefore, there is no absolute right of an accused to withdraw his plea and substitute a plea of not guilty and such a request must necessarily fall within the sound discretion of the military judge.[7]

In approaching the interplay of these legal axioms, we initially face the threshold question whether the accused's request to change his plea in conjunction with his responses before and after the providency inquiry would constitute, if believed, a defense to the charge and its specifications. If we decide that the accused's action and responses do constitute such a defense, it necessarily follows that the military judge abused his discretion in denying the appellant's request to change his plea.

■ We also deem it pertinent to note that in making this determination, we must also bear in mind that self-serving rationalization or equivocations on the part of an accused do not necessarily violate a plea of guilty when those assertions do not indicate ignorance or misunderstanding and can be construed consistent with guilt. It is a common reaction of an accused who tenders a guilty plea to seek refuge in a variety of forms of rationalization designed to mini-

2. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), and cases cited therein.

3. *United States v. Logan*, 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973).

4. *United States v. Logan, supra*, note 3.

5. Paragraph 70*b*, Manual for Courts-Martial, United States, 1969 (Revised edition).

6. *United States v. Kepperling*, 11 U.S.C.M.A. 280, 284, 29 C.M.R. 96, 100 (1960).

7. *United States v. Politano*, 14 U.S.C.M.A. 518, 34 C.M.R. 298 (1964).

mize or temper the magnitude of his culpability.[8]

Here, the appellant could only challenge the providency of his plea on the basis of entrapment or agency.

■ With regard to entrapment, the affirmative defense is not predicated upon the degree of covert police involvement in the criminal activity of the accused; rather, it is rooted in the concept that the government officers cannot instigate the commission of a crime by one who would otherwise remain law abiding. Consequently, the focus of such an inquiry is not upon the government agent but upon the accused and his intent or predisposition to commit the crime.[9]

During the initial providency inquiry the appellant advised the military judge that he had previously been involved in the sale of marijuana. In addition, he testified that some two to three weeks prior to the date of the first incident which resulted in these specifications, the appellant had established the price per pound of marijuana with an unknown supplier. He negotiated the price of the marijuana with the confidential informant. The appellant received a benefit or profit from each of the three transactions which resulted in the charge and its three specifications and finally, the appellant at least, had a reputation for using the prohibited substance.

■ A profit motive forecloses the defense of entrapment absent evidence of conduct by the government agents which violates "fundamental fairness shocking to the universal sense of justice."[10] There was no such evidence of that character shown in this case. As noted above, the appellant's responses provide ample evidence of his criminal predisposition and there is nothing set forth in the record concerning the accused's testimony which would indicate otherwise.

We next direct our attention to the issue of agency.

■ The defense of agency in a drug transaction simply means that one who acts in a given transaction solely as the agent of the purchaser is not a seller to that person.[11]

We note from the evidence of record and that which has heretofore been noted in this opinion that such was not the case with this accused. The appellant's association with the transaction was substantial and motivated by the well known incentive for profit. His involvement was that of businessman involved in nefarious and illegal activities.

■ The facts do not warrant an implication that his activities were solely as that of an agent for the purchaser.[12] We hold that there was no substantial conflict between the accused's plea and his statements of record with regard to the defense of agency.

Accordingly, we hold that the appellant did not raise any matters which would negate his plea of guilty, nor did he raise a believable and possible defense of agency or entrapment or any other matter which was inconsistent with his plea. The military judge's refusal to allow the appellant to withdraw his plea of guilty was appropriate and the proper exercise of his sound discretion.[13]

8. *United States v. Brooks*, 43 C.M.R. 945 (A.F. C.M.R.1971), *reversed on other grounds*, 21 U.S.C.M.A. 3, 44 C.M.R. 57 (1971).

9. *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *United States v. Hebert*, 23 U.S.C.M.A. 499, 50 C.M.R. 579, 1 M.J. 84 (1975); *United States v. Garcia*, 23 U.S.C.M.A. 403, 50 C.M.R. 285, 1 M.J. 26 (1975). *See also United States v. McGlenn*, 8 U.S.C.M.A. 286, 24 C.M.R. 96 (1957).

10. *United States v. Hebert* and *United States v. Russell*, both *supra*, note 9; *United States v. Spivey*, 508 F.2d 146 (10th Cir. 1975).

11. *See United States v. Fruscella*, 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971) and cases cited therein.

12. *United States v. Suter*, 21 U.S.C.M.A. 510, 45 C.M.R. 284 (1972).

13. *United States v. Williams*, 43 C.M.R. 579 (A.C.M.R.1970); paragraph 2.1, Standards Re-

## II

The final assignment of error concerns appellant's claim that his counsel was denied access to the *final* (emphasis supplied) post-trial review in this case.

Here, the post-trial review contains a certificate of service on the trial defense counsel of *20 May* 1975 and the date placed upon the review was 27 May 1975 some *seven* days later. The trial defense counsel acknowledged receipt but made no comment concerning the review or any other matter concerning the trial. However, the staff judge advocate's review did not contain any matter adverse to the appellant from outside the record, therefore, it is questionable whether trial defense counsel waived any objection to the post-trial review based upon appellant's claim of error on appeal.[14] Here, we do not reach that issue as we find no error.

 We believe that under the rule of *Goode*,[15] trial defense counsel is entitled to review the same post-trial review as is given to the convening authority by the staff judge advocate. However, we find no magical significance in the date placed upon the post-trial review. Except as it may posit or anticipate a future event, a report can speak only of data in existence at the time of its preparation.[16] A somewhat analogous situation was considered by this Court with regard to preparation of a draft of the post-trial review prior to the authentication of the record of trial.[17] In that case the practice of preparation of the draft of post-trial review prior to authentication was approved. As noted in *Hill, supra*, there will be many occasions when a substantial period of time will elapse between preparation of the record of trial and its authentication.

When such instances occur, the staff judge advocate need not remain idle. If a draft review is prepared, the staff judge advocate must carefully check that draft against the authenticated record when it is received from the military judge.

A review initially drafted on an unauthenticated record which is subsequently authenticated without a change of a word or text or a symbol of punctuation cannot be said to be substantively wrong. In such an instance it would be unconscionable to elevate form over substance.[18]

 Here, trial defense counsel received the draft review seven days prior to the day it was dated. No showing has been made before the trial court or this Court that the trial defense counsel was in any way misled concerning the review. Also no showing has been made that trial defense counsel didn't receive the same review as was given to the convening authority.[19]

We, therefore, hold that there has been no prejudicial error shown and reject appellant's contention. To do otherwise would elevate form over substance.

The other assignment of error has been considered and is deemed to be without merit.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge BAILEY and Judge FELDER concur.

lating to Pleas of Guilty, ABA, Approved Draft 1968.

14. *United States v. Austin*, 2 M.J. 391 (A.C. M.R.1975).

15. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

16. *See United States v. Hill*, 47 C.M.R. 151 (A.C.M.R.1973) *affirmed*, 22 U.S.C.M.A. 419, 47 C.M.R. 397 (1973).

17. See footnote 15, *supra*.

18. *Id.*

19. In oral argument before this Court, appellate defense counsel was specifically asked if the appellant was making a claim that his trial defense counsel received a copy of a review which had been substantially changed after it was received. He replied that no such claim was being made.