**UNITED STATES**

v.

**Airman First Class Walter E. HARDESTY, Jr., FR 314–62–9016 3281st Student Squadron Air Force Military Training Center (ATC).**

**ACM S24290.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 September 1975.

Decided 14 Jan. 1976.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston. Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Frederick P. Waite.

DECISION

LeTARTE, Chief Judge:

The accused was tried by special court-martial on 9 and 15 September 1975, at Lackland Air Force Base, Texas, for a single offense of larceny, in violation of Article 121, 10 U.S.C. § 921, Uniform Code of Military Justice. Contrary to his pleas, he was found guilty as charged and was sentenced to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $50.00 per month for six months and reduction in grade to airman basic. The convening and reviewing authorities approved the sentence as adjudged, and the convening authority designated the 3320th Retraining Group, Lowry Air Force Base, Colorado, as the place of confinement with a provision for immediate entry into the retraining program.

Appellate defense counsel have urged in a single assignment of error that the convening authority was furnished inaccurate advice by the staff judge advocate "concerning the standard of proof." We find it unnecessary to discuss this precise issue since we have perceived a more fundamental deficiency in the post-trial review that requires that we grant the relief sought by appellate defense counsel.[1]

The accused and the larceny victim were tentmates at an Army installation. The victim testified that two or three days prior to the date of the offense, he showed the accused about $1,000.00 in a briefcase in his locker and offered to lend some of the money to the accused. On 29 July 1975, the victim discovered that the aforementioned money was missing.

Suspected of committing the offense, the accused was questioned two days later by an Army investigator and voluntarily made a written statement which was introduced into evidence at trial as Prosecution Exhibit 2. In this statement, the accused admitted taking $800.00 from the victim's locker and using half of this money to purchase an automobile. However, the accused explained that when he took the money, he had no intention of purchasing a car but intended to "teach" the victim "a lesson, not to carry such a large sum of money and not to leave it exposed as such."

This evidence was adequately summarized in the staff judge advocate's post-trial review, but the reviewer's legal analysis of the evidence and opinion as to the adequacy and weight thereof consisted solely of the following remarks:

The taking of the money in question and the intent to at least wrongfully appropriate the money is clear from the prosecution evidence contained in the accused's statement, Pros. Ex. 2, and the corroborating evidence contained in [the victim's] testimony and the bills found by the CID. The defense theory of the case that the taking was wrongful appropriation rather than larceny, as evidenced by the accused's expressed intent in his statements to return the money, is countered by the prosecution with the evidence that he purchased a vehicle with $400 of the money and that prior to his apprehension by the CID he had made no effort to identify himself as the individual who had taken the money or to return any of the money. Because of these circumstances, the military judge had sufficient evidence before him to disbelieve the accused's statement regarding his intention and to believe beyond reasonable doubt that the accused intended to permanently appropriate the $800 for his own use.

In our opinion, this discussion and opinion of the evidence was inadequate in two aspects. First, the reviewer failed to apprise the reviewing authority of the legal significance of the accused's assertion that he had taken the money in order to teach the victim a lesson. Not every taking of property without the owner's consent constitutes a violation of Article 121; if one's purpose in the taking is not criminal or evil, he cannot be convicted under military law of larceny or of wrongful appropriation. *United States v. Roark*, 12 U.S.C.M.A. 478, 31 C.M.R. 64 (1961). And the Court of Military Appeals has held that taking one's property with the intent to teach that person a lesson "is a wholly innocent purpose" and constitutes a "total defense" to a prosecution under Article 121.[2] *United States v. Roark*, supra.

Secondly, the reviewer did not express his personal opinion as to the adequacy and weight of the evidence but simply conclud-

---

1. The inadequacy hereinafter discussed was challenged by trial defense counsel following his receipt of a copy of the post-trial review pursuant to the Court's mandate in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

2. The reviewer's misconception of the applicable rule of law is amply demonstrated in the clemency section of the post-trial review, wherein the reviewer commented:

Amn Hardesty admits guilt of the offense of wrongful appropriation but not of the offense of larceny. He maintains that he took the money in question to teach the victim a lesson. He believes that [the victim] should not have kept that much money in his locker.

ed that the military judge had sufficient evidence before him "to disbelieve the accused's statement regarding his intention and to believe beyond a reasonable doubt that the accused intended to permanently appropriate the $800 for his own use." This conclusion may well be so, but it does not satisfy the basic requirement that the staff judge advocate state *his* opinion as to the sufficiency of the evidence. Manual for Courts-Martial, 1969 (Rev.), paragraph 85*b*; *United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958).

For the reasons stated, the record of trial is returned to The Judge Advocate General, United States Air Force, for referral to an appropriate convening authority for a new review and action.

FORAY, Judge, concurs.

EARLY, Judge (concurring):

While I am in complete agreement with the decision of my brother LeTarte, I feel constrained to set forth my views as to an additional reason sustaining the action taken by this Court.

In the instant case, the review of the staff judge advocate, containing the deficiencies set out in Chief Judge LeTarte's opinion, was served on the defense counsel pursuant to the mandate of *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). In his response, the defense counsel clearly stated the inadequacy in the reviewer's discussion of the defense theory and cited *United States v. Roark*, 12 U.S.C.M.A. 478, 31 C.M.R. 64 (1961). Although this should have put the reviewer on notice of the material error in his review, he took no further action to correct the review or otherwise to revise his legal discussion of the evidence. As a result, the reviewing authority was furnished conflicting legal theories, and since he did not express disagreement therewith, we presume that he accepted the erroneous advice of his staff judge advocate. See Manual for Courts-Martial, 1969 (Rev.), paragraph 85*c*.

In my opinion, when a substantive challenge with which the staff judge advocate

agrees has been submitted by defense counsel, it is incumbent upon the staff judge advocate to indicate such agreement in some manner before the officer exercising general court-martial jurisdiction acts upon the case. Obviously, assuming that the review is not erroneous, inadequate or misleading in some manner, a written expression of disagreement with the defense counsel's comments is not necessary or even desirable. In this way, compliance with the *Goode* mandate will assure correction of any deficiencies in a post-trial review at the earliest possible moment. See my concurring and dissenting opinion in *United States v. Robinson*, 1 M.J. 722 (A.F.C.M.R. 1975).