**UNITED STATES, Appellee,**

v.

**Specialist Four (E–4) Thomas A. BLACK, SSN 346–54–6153, United States Army, Appellant.**

**SPCM 14112.**

U. S. Army Court of Military Review.

17 March 1980.

---

Captain Robert L. Gallaway, JAGC, argued the cause for appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, and Major Charles A. Byler, JAGC.

Major Douglas P. Franklin, JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel R. R. Boller, JAGC, and Major David McNeill, Jr., JAGC.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

LEWIS, Judge:

A military judge sitting as a special court-martial convicted appellant of wrong-

ful introduction of marihuana onto a military installation for purposes of sale and wrongful possession of a different controlled substance in violation of a general regulation.[1] He sentenced him to reduction to the grade of Private E–1, forfeiture of $250.00 pay per month for six months, confinement at hard labor for six months and a bad-conduct discharge. The convening authority disapproved the findings of guilty as to wrongful possession of a controlled substance but otherwise approved the findings and the sentence.

In a single assignment of error, appellant asserts that his offense should be excused on the grounds of entrapment in that "the government failed to show that [his] inducement to introduce marihuana was based on reasonable belief that appellant was predisposed to introduce marihuana." The short answer is that there is absolutely no evidence of record that the government, through its informant, ever induced appellant to introduce the drug onto the installation. In fact, the testimony of the appellant was to the effect that his Korean girlfriend with whom he shared his off-post apartment urged him to remove the drug from the apartment out of her fear of the Korean police and drug laws.

Appellant stated that a second reason for his bringing the marihuana on post was to attempt to dispose of it (impliedly by sale) after the informant did not buy as much as appellant believed he would in his off-post apartment. In his pleadings, the appellant ignores the distinction between inducement to introduce (of which there was no evidence) and inducement to possess and sell (of which there was some evidence). In this regard, we observe that the appellant was known to live off-post, his potential sources were believed to be off-post and the Camp Casey troops, his potential customers, had free egress from the camp. In these circumstances where one offense would not necessarily follow from another offense, inducement of the second (possession sale) is not inducement of the first (introduction to the post). Lest we split matters too finely, we will go on to address whether entrapment would have been available to appellant had he been charged with possession and sale.

The appellant invites us to focus upon the actions of the government informant who discussed using and selling marihuana with the appellant for nearly a month before appellant was apprehended coincident with his "introduction" offense.[2] He states that once such evidence of inducement enters the record, it becomes the burden of the Government "to prove reasonable grounds to believe that the intent and purpose to violate to law existed in the mind of the accused." In this regard, he emphasizes that the government informant did not suspect him of selling marihuana at the time the informant first asked appellant to enter the marihuana business. Drawing heavily upon the language of *United States v. McGlenn*, 8 U.S.C.M.A. 286, 24 C.M.R. 96 (1957), appellant asserts that the Government may not utilize evidence gained after the appellant was induced in order to establish a criminal predisposition and defeat an entrapment defense. Indeed, the Court in *McGlenn* refused to consider the post-apprehension admissions of McGlenn that he had made two earlier drug purchases as a showing that the informant had reasonable grounds to suspect him prior to the inducement to commit the offense for which McGlenn was tried. 24 C.M.R. at 102. This and other language in *McGlenn* strongly suggests that the Court was focusing on the nature of the government activity and agent.[3]

---

1. These offenses were in violation of Articles 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 892.

2. The informant had apparently extolled the financial opportunities available to those in the marihuana business and asked appellant to buy him some marihuana.

3. The Court spoke in terms of reasonable grounds or suspicion existing to "justify" or "excuse" the inducement. 24 C.M.R. at 100. They described the government agent as a "miserable addict turned informer", and condemned the Government for entering into a "disgraceful 'fishing expedition' with such poor bait" as being too well calculated to bring military law enforcement into contempt. Id. at 102–103.

In *United States v. Suter*, 21 U.S.C.M.A. 510, 45 C.M.R. 284 (1972), the Court, after quoting from *United States v. Sherman*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), went on to hold that no entrapment was raised in that Suter responded immediately to the invitation to transfer drugs. There being a ready response, there was no "inducement" of an unwilling or reluctant "innocent" citizen so as to trigger *McGlenn's* requirement for the Government to have a reasonable suspicion of criminal activity before hand. In dicta, however, the Court in *Suter* devoted over three pages to a discussion of the facts of the case, much of which dealt with matters learned *after* Suter's apprehension.

*United States v. Garcia*, 1 M.J. 26 (C.M.A. 1975), was likewise decided on the basis of the appellant's ready response to deal in drugs. The *Garcia* Court, however, went on to quote from *United States v. Russell*, 411 U.S. 423, 429, 93 S.Ct. 1637, 1641, 36 L.Ed.2d 366 (1973), as follows:

> "[t]he defense of entrapment is not predicated upon the degree of covert police involvement in the criminal activity of the accused; rather, it is rooted in the concept that Government officers cannot instigate the commission of a crime by one who would otherwise remain law abiding. Consequently, the focus of the defense is not upon the Government agent but upon the accused, and the essential inquiry is upon the accused's 'intent or predisposition . . . to commit the crime'."

*United States v. Garcia, supra*, at 29. *See also United States v. Hampton*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); *United States v. Hebert*, 1 M.J. 84 (C.M.A. 1975); *United States v. Young*, 2 M.J. 472 (A.C.M.R.1975). Thus, while not expressly overruling *McGlenn's* focus on the government's activity as it bears on entrapment, the Court of Military Appeals, by following the federal courts, has clearly shifted the focus to the predisposition of the accused. The Court of Military Appeals also appears to have discarded the earlier requirement that the Government must have a reasonable suspicion of the accused's criminal disposition prior to his solicitation.

The general principle is that the Government should not be able to punish criminally a person who was of a law-abiding mind before the Government won his conversion to crime. On the other hand, it may punish the criminal who stands ready to commit an offense when presented with an appropriate opportunity. In other words, a distinction is drawn between the criminal, whose hesitation is born of wariness, and the innocent, whose conscience is overborne by government importuning. *See Kadis v. United States*, 373 F.2d 370, 374 (1st Cir. 1967). Accordingly, when entrapment is raised by the evidence (introduced by either the government or the accused), it becomes the government's burden to establish a predisposition of the accused to commit an offense. It does not have to establish, however, that the accused was suspected of this unlawful activity prior to the time he was initially approached. In meeting its burden, the government may utilize any competent, admissible evidence whether acquired prior to or subsequent to the commission of the offense charged. *See United States v. Henry*, 23 U.S.C.M.A. 70, 48 C.M.R. 541 (1974). Where the evidence consists of uncharged misconduct, the conduct must have occurred reasonably contemporaneously with (before or after) the charged offense to be admissible, *United States v. Henry, supra*.

In the instant case, the Government properly introduced into evidence the accused's pretrial statement wherein he admitted that he had sold marihuana at a substantial profit to soldiers in his unit several weeks before his apprehension for the offense charged. Further, the Government introduced the accused's pocket notebook wherein, according to this same statement, he had recorded marihuana orders from some fifteen troops prior to purchasing the present contraband from his Korean suppli-

er. The informant was but one of those troops. We find that the appellant was clearly predisposed to engage in the sale of illicit drugs, albeit unknown to the informant over the course of the period of his discussions with the appellant. According-ly, and as found by the trier of fact below, the defense of entrapment does not lie.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge GARN concur.