UNITED STATES, Appellee,

v.

Stephen M. JOHNSON, Private, U.S. Army, Appellant.

No. 45338.
SPCM 17273.

U.S. Court of Military Appeals.

Jan. 16, 1984.

For Appellant: *Colonel William G. Eckhardt, Major Robert C. Rhodes, Captain Frank J. DiGiammarino, Captain Michael T. Kelly* (on brief); *Lieutenant Colonel R. Rex Brookshire II.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Major Michael R. Smythers, Captain Andrew D. Stewart* (on brief).

*Opinion of the Court*

COOK, Judge:

Contrary to his pleas, the accused was convicted by a special court-martial of larceny of a portable police radio hand set, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The approved sentence consists of a bad-conduct discharge. The Court of Military Review affirmed a finding of guilty of wrongful appropriation and, after reassessing, affirmed the approved sentence. We granted the accused's petition on the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY FAILING TO SPECIFICALLY INSTRUCT THE MEMBERS THAT THE GOVERNMENT HAD THE BURDEN TO PROVE BEYOND A REASONABLE DOUBT THAT THE TAKING WAS NOT IN JEST.

We here decide that he did not and affirm.

While on duty as a runner, the accused entered his commander's office and took a military police portable radio hand set which he later took off-post to his girlfriend's apartment. The next day the military police desk sergeant saw the accused, in civilian clothes, outside the apartment

holding the radio. After determining that a radio was missing, the sergeant notified the Criminal Investigation Division (CID) and returned to the apartment complex with a special agent. Seeing the accused standing outside the building still holding the radio, the special agent approached the accused and identified himself. The accused stated that he knew who the agent was and "that he had been waiting . . . for someone, and stated something to the effect that he wondered how long it would take." After being taken to the CID office, the accused made a statement to the effect that he took "the radio just to see how long it would take someone to find out it was missing" and that he had no specific intent as to what he would do with it: "I might have kept it or I might have taken it back later."

Prior to findings, defense counsel proposed this instruction:

Not every taking of property without the owner's consent constitutes a violation of Article 121. If the accused's purpose in the taking was not criminal or evil, but was for a wholly innocent purpose, such as to play a joke on someone or to teach that person a lesson, then the accused cannot be convicted under military law of larceny or wrongful appropriation and you must return a finding of not guilty.

The military judge refused to give the proffered instruction, but did instruct that the members "may consider evidence that the taking may have been in jest in determining whether it was wrongful." Later, at the request of defense counsel, the military judge told the members:

If you don't find the taking was wrongful, you cannot convict him of anything."

A member asked:

If something is in jest, then you say it is not wrongful?

The military judge responded:

Right.

Then to the question:

If you are just joking or something, that's not wrongful?

the military judge added:

You must find beyond reasonable doubt that it was a wrongful taking. Consider evidence that it might have been in jest. You don't have to find that it was in jest; you have to find that it was wrongful. Consider all of the circumstances, including any evidence that it may have been in jest, in deciding whether it was wrongful. The government has the burden to prove it was wrongful. You must be convinced of wrongfulness beyond a reasonable doubt.

Defense counsel's contentions were based on the so-called "innocent purpose" defense recognized in our decision of *United States v. Roark,* 12 U.S.C.M.A. 478, 31 C.M.R. 64 (1961), and cases following it. At the outset we note that even if the accused's explanation is believed, it does not establish a wholly "innocent purpose," since the taking and withholding would cause "discomfiture, worry, and other reactions" to the accused's commander and organization until the radio was found and returned. *See United States v. Stinson,* 35 C.M.R. 711, 715 (A.F.B. R.), *pet. denied,* 15 U.S.C.M.A. 672, 35 C.M.R. 478 (1964). The accused made no specific claim of jest. Only by tortured inference can a playful motive be surmised.

However, more significantly, we have recently had occasion to reexamine the foundations of the *Roark* decision in *United States v. Kastner,* 17 M.J. 11 (C.M.A.1983). Therein we held:

It is the intent, not the motive, that determines the criminality of the act. "Intention is a determination to act in a certain way; motive is that which incites and stimulates the formation of the intention. There is no distinction of greater importance in the criminal law." Clark & Marshall, [*A Treatise on the Law of Crimes*] 263 [ (7th ed. 1967) ] (footnote omitted). . . . The doctrine of "innocent purpose" is a misnomer when applied in such a situation. There is no doubt that at the time of the taking the accused intended to temporarily deprive the victim of his property. That he did so for what he considered a laudatory motive is not a "total defense," since such a propo-

sition, if followed strictly, would make the accused the determiner of whether his act was lawful or not. The correct test is objective, not subjective: Is the accused's conduct, objectively viewed, a violation of established law? ... His motivation was best left to matters in mitigation and extenuation of the offense.

*Id.* at 13–14. Thus we determined that *Roark* would no longer be followed.

That reasoning is even more apposite here. The military judge was correct.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.