# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant DUSTIN R. HOGAN**
**United States Army, Appellant**

ARMY 20110172

Headquarters, United States Army Aviation Center of Excellence and Fort Rucker
Stephen E. Castlen, Military Judge
Lieutenant Colonel Kevin K. Robitaille, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James S. Trieschmann, Jr., JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

20 February 2013

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

KRAUSS, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of two specifications of rape of a child, four specifications of aggravated sexual abuse of a child, eight specifications of indecent liberties with a child, two specifications of indecent acts, one specification of larceny, six specifications of sodomy with a child, one specification of assault consummated by a battery, two specifications of producing child pornography, and one specification of possessing child pornography, in violation of Articles 120, 121, 125, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 921, 925, 928, 934 (2006 & Supp. II 2008) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for fifty years, and reduction to the grade of E-1.

The case is before the court for review under Article 66, UCMJ. Appellant assigns two errors and personally raises matters pursuant to *United States v.*

*Grostefon*, 12 M.J. 431 (C.M.A. 1982). Neither assigned error nor the matters raised under *Grostefon* possess merit; however, a prominent aspect of each warrants brief remark.

At trial, after providently pleading guilty to the charges described above, and after the government rested its case in aggravation, appellant claimed that he actually did not remember any of the events that served as a basis of the sexual assault, indecency, and child pornography charges. Indeed, he stated that the only thing he did not remember about those days were the particular acts of sexual misconduct that were the subject of his guilty plea. Appellant persists with this assertion. Whether we accept that claim as true or regard it as little more than an acute manifestation of the sort of rationalization, equivocation, and minimization commonly associated with guilty pleas matters not. Upon asserting lack of memory, appellant cogently offered to base his plea on his independent review of the evidence and repeatedly admitted that he was convinced of his guilt based upon review of that reliable evidence. This evidence includes video of the sexual predations alleged establishing a man fully in possession of his wits. *See, e.g., United States v. Penister*, 25 M.J. 148, 152 (C.M.A. 1987), (citations omitted); *Penister*, 25 M.J. at 153 (Cox, J., concurring); *United States v. Young*, 2 M.J. 472, 476–77 (A.C.M.R. 1975). In addition, the judge quite effectively ascertained from appellant and his defense counsel disavowal of any potential defense otherwise under the circumstances. Therefore, upon review of the record, we are satisfied that the accused entered a knowing, intelligent, and voluntary plea of guilty and find no substantial basis in law or fact to reject that plea. *See generally United States v. Hayes*, 70 M.J. 454 (C.A.A.F. 2012); *United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

On consideration of the entire record, the submissions of the parties, and those matters personally raised by appellant pursuant to *Grostefon*, 12 M.J. at 431, we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge YOB and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court